IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUA-CHEN JENNY LIN and JONATHAN W. DIAMOND, individually and on behalf of all others similarly situated<br><br>    Plaintiffs,<br><br>  v.<br><br>ECOTALITY, INC., H. RAVI BRAR, SUSIE HERRMAN,<br><br>    Defendants. | Case Nos. 13-cv-3791 SC<br>           13-cv-3849 SC<br>           13-cv-4579 SC<br><br>ORDER CONSOLIDATING CASES, APPOINTING LEAD PLAINTIFF, AND APPROVING SELECTION OF LEAD COUNSEL |

**INTRODUCTION**

Now pending before the Court are three related actions brought on behalf of the purchasers of the common stock of ECOtality, Inc. Lin v. ECOtality, Inc., Case No. 13-cv-3791 SC, Cohen v. ECOtality, Inc., 13-cv-3840 SC, Fleming v. Brar, 13-cv-4579 SC (collectively, the "Related Cases"). All three actions allege that Defendants issued false and misleading statements that artificially inflated the price of ECOtality's stock, and that the stock price plummeted when the truth was eventually revealed. On August 15, 2013, Business Wire published a notice of the pendency of these actions.

Since that time, six putative class members have moved for appointment as lead plaintiff and approval of their selection as lead counsel.[1] These individuals also move the Court to consolidate the Related Cases.

### CONSOLIDATION OF RELATED CASES

As the Related Cases involve common questions of law and fact, the motions to consolidate are GRANTED. The Related Cases are hereby consolidated into Civil Action No. 13-cv-3791 SC for pretrial proceedings before this Court. The consolidated action shall be captioned: "In re ECOtality, Inc. Securities Litigation." All related actions that are subsequently filed in or transferred to this District shall be consolidated into this action for pretrial purposes. This Order shall apply to every such related action, absent order of the Court. A party that objects to such consolidation, or to any other provision of this Order, must file an application for relief from this Order within thirty (30) days after the date on which a copy of this Order is mailed to the party's counsel. This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, for good cause shown.

### APPOINTMENT OF LEAD PLAINTIFF

The Private Securities Litigation Reform Act (PSLRA) states that district courts "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines

---

[1] ECF Nos. 17 ("Sarnoff Mot."), 18 ("Hoffman Mot."), 22 ("Marcha Mot."), 24 ("Dixon Mot."), 27 ("Bishop Mot."), 29 ("Vale Mot.").

2

to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA sets forth a three-step procedure for identifying a lead plaintiff using this standard. The first step consists of publicizing the pendency of the action, the claims asserted therein, and the purported class period, along with notice that any class member may move to serve as lead plaintiff within sixty days. Id. § 78u-4(a)(3)(A). The notice published in Business Wire satisfies these criteria and the pending motions were timely filed.

In step two, the district court adopts the presumption that the most adequate plaintiff is the person who has "the largest financial interest in the relief sought by the class," and who otherwise satisfies the requirements of Federal Rule of Civil Procedure 23. Id. § 78u-4(a)(3)(B)(iii)(I). Here, Joseph W. Vale has the largest financial stake in this litigation since his claimed losses are larger than the losses claimed by the other class members moving to be appointed lead plaintiff. The Court also finds that Mr. Vale otherwise satisfies the typicality and adequacy requirements of Rule 23.

"The third step of the process is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." In re Cavanaugh, 306 F.3d 726, 730 (9th Cir. 2002) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)). None of the other plaintiffs have challenged Mr. Vale on this issue. Accordingly, the Court finds that step three has also been met.

Therefore, the Court appoints Joseph W. Vale as the lead plaintiff in this action.

**SELECTION OF LEAD COUNSEL**

With respect to the selection of lead counsel, the PLSRA provides: "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "If the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." Cohen v. U.S. Dist. Ct., 586 F.3d 703, 712 (9th Cir. 2009). Here, Mr. Vale has chosen the law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to represent the proposed class. As Robbins Geller has been appointed lead counsel in hundreds of other securities class actions, the Court finds Mr. Vale's choice reasonable. Accordingly, Mr. Vale's selection of Robbins Geller as lead counsel for the proposed class is hereby APPROVED.

**CONCLUSION**

For the foregoing reasons, the Court (1) consolidates the Related Actions, (2) appoints Joseph W. Vale as lead plaintiff in this consolidated action, and (3) approves Mr. Vale's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the proposed class. The motions to appoint lead plaintiff and lead counsel filed by Paul Sarnoff, Marvin Hoffman, Edgar D. Marcha, George Dixon III, and Thomas J. Bishop are DENIED.

IT IS SO ORDERED.

Dated: December 13, 2013

UNITED STATES DISTRICT JUDGE

4