1  ROBBINS GELLER RUDMAN
      & DOWD LLP
2  CHRISTOPHER P. SEEFER (201197)
3  KENNETH J. BLACK (291871)
   Post Montgomery Center
4  One Montgomery Street, Suite 1800
   San Francisco, CA  94104
5  Telephone:  415/288-4545
   415/288-4534 (fax)
6  chriss@rgrdlaw.com
7  kennyb@rgrdlaw.com

8  Lead Counsel for Plaintiffs

9  [Additional counsel appear on signature page.]

10                UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12  In re ECOTALITY, INC. SECURITIES      )  Master File No. 3:13-cv-03791-SC
    LITIGATION                            )
13  ───────────────────────────────      )  CLASS ACTION
                                          )
14  This Document Relates To:             )  LEAD PLAINTIFF'S RESPONSE TO
                                          )  DEFENDANTS' REQUEST FOR JUDICIAL
15      ALL ACTIONS.                      )  NOTICE
                                          )
16  ───────────────────────────────      )  DATE:    August 22, 2014
                                             TIME:    10:00 a.m.
17                                           CTRM:    1, 17th Floor
                                                      Hon. Samuel Conti
18

19

20

21

22

23

24

25

26

27

28

1    **I.       INTRODUCTION**

2           Defendants H. Ravi Brar ("Brar") and Susie Herrmann ("Herrmann") ask this Court to take

3    judicial notice of the contents of 20 documents filed in connection with their Motion to Dismiss the

4    Consolidated Amended Complaint.  *See* Request for Judicial Notice in Support of Motion to Dismiss

5    the Consolidated Amended Complaint (Dkt. No. 60-2) ("RJN").

6           Plaintiffs do not object to the Court's taking judicial notice of 12 of these documents (Exs. 1-

7    5, 11-15 and 17-19)[1] because they are referenced in the Consolidated Amended Complaint for

8    Violations of the Federal Securities Laws (Dkt. No. 52) (the "Complaint") and can be considered by

9    the Court under the incorporation-by-reference doctrine.  *Marder v. Lopez*, 450 F.3d 445, 448 (9th

10   Cir. 2006).  However, plaintiffs oppose any request that the Court take judicial notice of the truth of

11   the contents of these documents because, as explained below, many include the statements that

12   plaintiffs allege were materially false and misleading.  *Lee v. City of Los Angeles*, 250 F.3d 668,

13   689-90 (9th Cir. 2001); *Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1998); *Parrino v. FHP, Inc.*,

14   146 F.3d 699, 705-06 (9th Cir. 1998) (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)).

15          Moreover, plaintiffs encourage the Court to consider these documents – particularly the

16   reports prepared by the Department of Energy's ("DOE") Office of Inspector General ("OIG") (Exs.

17   1 and 4) and the corrective action plan prepared by ECOtality ("ECOtality" or the "Company") (Ex.

18   5) – because they support plaintiffs' claims that defendants knowingly or recklessly made materially

19   false and misleading statements during the class period.  Plaintiffs also encourage the Court to

20   review the relevant portion of the Declaration of H. Ravi Brar in Support of First Day Pleadings

21   ("Brar Declaration") submitted in the Company's bankruptcy, rather than the irrelevant portion

22   submitted by defendants.  Ex. 15.[2]  In the relevant portion of the Brar Declaration that defendants

23   notably exclude from Exhibit 15, Brar admitted that "several adverse events [were] occurring during

24   the first and second quarters of 2013," including:

25   _____

26   [1]    All "Ex. _" references herein are to the Declaration of Joseph B. Woodring in Support of Motion
     to Dismiss Consolidated Amended Complaint (Dkt. No. 60–3), unless otherwise noted.

27   [2]    The relevant portion of the Brar Declaration is included in Exhibit A to the Declaration of
     Christopher P. Seefer in Support of Lead Plaintiff's Opposition to Defendants' Motion to Dismiss
28   the Consolidated Amended Complaint ("Seefer Decl.").

948598_1

SEEFER DECL IN SUPPORT OF LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT - 3:13-cv-03791-SC                    - 1 -

1
2
3
4
5

> (i) the Debtors' failure to attain sales volumes of their commercial Electric Vehicle Service Equipment ("EVSE") sufficient to support their operations; (ii) the Debtors' inability to release a scheduled new product offering in their Minit-Charger industrial line; (iii) the Debtors' inability to obtain additional financing that would allow them to finance their operations; (iv) the DOE's suspension of payments to the Debtors in connection with the EV Project; (v) the significant expenses and liquidated damages incurred by the Debtors in connection with a settlement with the United States Department of Labor ("DOL"); and (vi) uncertainty regarding the resolution of a phenomenon occurring in some of the Debtors' previously installed EVSEs.

6   Seefer Decl., Ex. A (Brar Declaration), ¶¶22-23; Complaint, ¶87.[3]

7   Plaintiffs also do not object to the Court taking judicial notice of Exhibits 6-10, six Forms

8   10-K filed with the U.S. Securities and Exchange Commission ("SEC") for the years 2007 to 2011,

9   and Exhibit 20, a list of ECOtality's closing stock prices on NASDAQ from October 31, 2012

10   through April 29, 2014.  Exhibits 6-10, documents created long before the relevant time period, are

11   neither referenced in the Complaint nor central to plaintiffs' claims.  However, their existence is not

12   subject to reasonable dispute, and plaintiffs do not object to the Court considering them, so long as it

13   does not take judicial notice of the truth of their contents.  Exhibit 20 is not referenced in the

14   Complaint but is sufficiently central to plaintiffs' claims to be considered.

15   Plaintiffs oppose defendants' request for the Court to judicially notice Exhibit 16 because it

16   is neither referenced in the Complaint nor central to plaintiffs' claims.  Exhibit 16 is a 2012 proxy

17   statement that lists percentage ownership of ECOtality shares by individual or entity.  Because

18   plaintiffs have not alleged insider sales, such information is irrelevant to plaintiffs' claims.

19   **II.    ARGUMENT**

20   **A.    Standard of Review**

21   "Generally, the scope of review on a motion to dismiss for failure to state a claim is limited

22   to the contents of the complaint." *Marder*, 450 F.3d at 448.[4]  Under the incorporation-by-reference

23   doctrine, however, a court may consider extrinsic evidence on which a complaint "'necessarily

24   relies'" if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's

25   claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Id.*

26

27   [3]   All paragraph ("¶_") references are to the Complaint, unless otherwise noted.

28   [4]   Internal citations are omitted throughout, unless otherwise noted.

948598_1

SEEFER DECL IN SUPPORT OF LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT - 3:13-cv-03791-SC          - 2 -

1   In other words, a document may be incorporated by reference if the plaintiff "refers extensively to

2   the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342

3   F.3d 903, 908 (9th Cir. 2003).

4       Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not

5   subject to reasonable dispute because it: (1) is generally known within the trial court's territorial

6   jurisdiction; or (2) can be . . . readily determined from sources whose accuracy cannot reasonably be

7   questioned." Fed. R. Evid. 201(b).  The Ninth Circuit has held that a district court may take judicial

8   notice of "***undisputed*** matters of public record" but not "***disputed*** facts stated in public records."

9   *Lee*, 250 F.3d at 689-90 (emphasis in original); *see Parrino*, 146 F.3d at 705-06 (citing *Branch*, 14

10   F.3d at 454).  It is reversible error to take judicial notice of the "truth" of the contents of such

11   documents.  *Lee*, 250 F.3d at 688.  It is also improper to judicially notice the truth of contents of

12   documents challenged as inaccurate.  *See Cooper*, 137 F.3d at 623.

13       The Private Securities Litigation Reform Act of 1995 ("PSLRA") is consistent with this

14   limitation, allowing consideration of statements referenced in a complaint only where the statements

15   offered are "not subject to material dispute."  15 U.S.C. §78u-5(e); *see also* William W. Schwarzer,

16   A. Wallace Tashima & James M. Wagstaffe, *Practice Guide: Federal Civil Procedure Before Trial*

17   (The Rutter Group), ¶9:219 (2014) (public documents can be considered, "but not to prove the truth

18   of their contents").

19       Thus, under Federal Rule of Evidence 201, documents referenced in the Complaint may be

20   considered under the incorporation-by-reference rule; but judicial notice of the truth of any fact

21   contained in the documents submitted is not permitted.  *Lee*, 250 F.3d at 688-90; *Parrino*, 146 F.3d

22   at 705-06 (citing *Branch*, 14 F.3d at 454).

23       **B.**    **Documents Referenced in the Complaint May Be Considered Under**
                   **the Incorporation-by-Reference Rule, but the Court May Not Take**

24                  **Judicial Notice of the Truth of the Contents of the Documents**

25       Plaintiffs do not oppose the Court's consideration of Exhibits 1-5, 11-15 and 17-19 under the

26   incorporation-by-reference doctrine because they are referenced in the Complaint.  Exhibits 2-3, 11-

27   14 and 17-19 include the statements that plaintiffs allege were materially false and misleading.

28

1    Accordingly, plaintiffs oppose any request that this Court take judicial notice of the truth of the

2    contents of these Exhibits.

3         Plaintiffs also do not oppose consideration of Exhibits 1, 4-5 and 15 because they are

4    referenced in the Complaint.  Indeed, plaintiffs encourage this Court to review Exhibits 1, 4-5 and

5    the relevant portions of Exhibit 15 (the Brar Declaration), which defendants failed to include in

6    Exhibit 15.   As detailed in the Complaint and explained in Lead Plaintiff's Opposition to

7    Defendants' Motion to Dismiss Consolidated Amended Complaint ("MTD Opp."), plaintiffs allege

8    that reports prepared by the DOE's OIG (Exs. 1 and 4), a corrective action plan prepared by

9    ECOtality (Ex. 5), statements by Brar in the Brar Declaration (Seefer Decl., Ex. A) and other facts

10   raise a strong inference that Brar and Herrmann knowingly or recklessly made materially false and

11   misleading statements and omissions about the EV Project, the Minit-Charger 12 and the Company's

12   sale of electric vehicle ("EV") chargers without the government subsidies provided to participants in

13   the EV Project.  *See* Lead Plaintiff's Opposition to Defendants' Motion to Dismiss Consolidated

14   Amended Complaint at 7-17.

15        Exhibit 1, a July 2013 OIG Audit Report, establishes that a number of problems were

16   occurring with the EV Project, including increased costs (*e.g.*, Fast Chargers increased by about

17   140% per budgeted unit over the course of the project), less-than-anticipated demand for EVs and

18   overbilling for installations of EV charging stations (such as cost layering in the price that was billed

19   to participants for charger installation).  Ex. 1 at 4, 6, 9.  These facts support plaintiffs' claims that

20   defendants knew ECOtality was behind schedule in completing the EV Project and would have a

21   difficult time transitioning to commercial sales.  ¶¶65, 68, 77-78.

22        Exhibit 4, an October 2013 OIG Audit Report, establishes that EV Project installations were

23   "drastically behind schedule" and that, "as early as May 2013, [DOE] officials concluded that

24   ECOtality would be unable to complete installations on schedule and would not achieve required

25   data collection milestones."  Ex. 4 at 4-5.  It also shows that in June 2013, the DOE directed

26   ECOtality to submit a corrective action plan and then rejected the plan submitted in July 2013 in

27   which the Company acknowledged it would not be able to meet EV Project requirements.

28

1    In Exhibit 5, the corrective action plan submitted by ECOtality on July 9, 2013, the Company

2    reported that it would not meet installation and data collection requirements and proposed changes to

3    the EV Project, including: (1) an extension of the installation deadline from September 30, 2013 to

4    December 31, 2013; (2) a reduction in the number of commercial EV chargers to be installed; and

5    (3) a reduction in data collection requirements.  Ex. 5 at 1.

6    As noted above, Brar admitted in the Brar Declaration that "several adverse events [were]

7    occurring during the first and second quarters of 2013," including "(i) the Debtors' failure to attain

8    sales volumes of their commercial Electric Vehicle Service Equipment ("EVSE") sufficient to

9    support their operations; (ii) the Debtors' inability to release a scheduled new product offering in

10   their Minit-Charger industrial line; (iii) the Debtors' inability to obtain additional financing that

11   would allow them to finance their operations; (iv) the DOE's suspension of payments to the Debtors

12   in connection with the EV Project; (v) the significant expenses and liquidated damages incurred by

13   the Debtors in connection with a settlement with the United States Department of Labor ("DOL");

14   and (vi) uncertainty regarding the resolution of a phenomenon occurring in some of the Debtors'

15   previously installed EVSEs."  Seefer Decl., Ex. A (Brar Declaration), ¶¶22-23; Complaint, ¶87.

16   However, defendants failed to submit this portion of the Brar Declaration in Exhibit 15 and

17   instead included portions of the declaration that are irrelevant to the issues in this case.  *See* MTD

18   Opp. at 11.  Moreover, they fail to even address the admissions by Brar in their motion to dismiss.

19   The relevant portion of the Brar Declaration is attached hereto, and plaintiffs encourage the Court to

20   review it.

21   **C.    Exhibit 20, Not Referenced in the Complaint, May Be Considered
         Because ECOtality's Closing Stock Prices, as Provided by NASDAQ,**

22   **Are Not Subject to Reasonable Dispute and Are Central to Plaintiffs'
         Claims**

23   Plaintiffs do not oppose defendants' request for the Court to judicially notice Exhibit 20 –

24   which is not referenced in the Complaint – because the information contained in the exhibit, a list of

25   ECOtality's closing stock prices, is not subject to reasonable dispute and is sufficiently related to

26   plaintiffs' claims.

27

28

SEEFER DECL IN SUPPORT OF LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT - 3:13-cv-03791-SC          - 5 -

### D. Though Irrelevant to Plaintiffs' Claims, Plaintiffs Do Not Object to Consideration of Exhibits 6-10

Exhibits 6-10 are Forms 10-K ECOtality filed with the SEC for 2007-2011.  They are not referenced in the Complaint, are not central to plaintiffs' claims and are irrelevant to the issues present in this case.  Indeed, defendants only mention them once in their motion to dismiss and only to show that the Company reported a net loss in those years.  Motion to Dismiss Consolidated Amended Complaint (Dkt. No. 60) ("Defs' Mem.") at 7.  Thus, Exhibits 6-10 should not be considered by the Court.  Documents are not the proper objects of judicial notice simply because they were filed with a government agency; they must also be central to the plaintiffs' claims and beyond reasonable dispute.  *See Ritchie*, 342 F.3d at 908; *see also In re Cadence Design Sys., Inc. Sec. Litig.*, 692 F. Supp. 2d 1181, 1193 n.10 (N.D. Cal. 2010) (Conti, J.) (denying request for judicial notice of nine Forms 10-Q because information therein "unnecessary"); *KFD Enters., Inc. v. City of Eureka*, No. 08-cv-04571-SC, 2014 U.S. Dist. LEXIS 64616, at *12 (N.D. Cal. May 9, 2014) (Conti, J.) (report not appropriate for judicial notice by virtue of submission to government agency, especially where contents in dispute).

Nevertheless, plaintiffs do not object to the Court considering Exhibits 6-10 if the Court wishes to spend its time reading about how ECOtality lost money up to six years before the class period.

### E. Exhibit 16 Should Not Be Judicially Noticed or Considered Under the Incorporation-by-Reference Rule Because It Is Not Referenced in the Complaint or Central to Plaintiffs' Claims

Plaintiffs oppose defendants' request for the Court to judicially notice Exhibit 16 because it is neither referenced in the Complaint nor does it form a basis for plaintiffs' claims.  *Marder*, 450 F.3d at 448.  Exhibit 16 is a 2012 proxy statement that defendants submit to show an absence of insider selling during the class period.  Defs' Mem. at 24.  As explained in plaintiffs' opposition to defendants' motion to dismiss, plaintiffs do not allege that defendants sold any stock during the class period; and the Ninth Circuit has stated that "'the PSLRA neither prohibits nor endorses the pleading of insider trading as evidence of scienter,'" *In re Daou Sys.*, 411 F.3d 1006, 1022 (9th Cir. 2005), and has found scienter adequately pled when there was no insider trading.  *Siracusano v. Matrixx*

948598_1

SEEFER DECL IN SUPPORT OF LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT - 3:13-cv-03791-SC          - 6 -

1  *Initiatives, Inc.*, 585 F.3d 1167, 1182 (9th Cir. 2009), *aff'd*, ___ U.S. ___, 131 S. Ct. 1309 (2011);

2  *No. 84 Emp'r-Teamster Jt. Council Pension Trust Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 944

3  (9th Cir. 2003) ("Scienter can be established even if the officers who made the misleading

4  statements did not sell stock during the class period.").   Therefore, Exhibit 16 should not be

5  considered by the Court.  *In re Adaptive Broadband Sec. Litig.*, No. C 01-1092 SC, 2002 U.S. Dist.

6  LEXIS 5887, at *62-*63 (N.D. Cal. Apr. 2, 2002) (Conti, J.) ("But Plaintiffs never refer to stock

7  sales by any defendant in their Complaint.   Plaintiffs only raised their theory about motive in

8  response to Defendants' Motion to Dismiss, which explicitly referred to a lack of stock sales.

9  Therefore, the Court declines to take judicial notice of the Form 4S.").

10         Plaintiffs do allege other motives for defendants making their material misstatements and

11  omissions, including avoiding the delisting of the Company's stock, continuing to receive payments

12  from the DOE, raising $8.2 million in a private offering in June 2013 and avoiding the disclosure of

13  serious corporate mismanagement.  *Howard v. Everex Sys.*, 228 F.3d 1057, 1064 (9th Cir. 2000)

14  (motive of raising financing supports inference of scienter); *Reese v. Malone*, No. 12-35260, 2014

15  U.S. App. LEXIS 2747, at *27 (9th Cir. Feb. 13, 2014) (avoiding disclosure of serious corporate

16  mismanagement a clear motive); *see* MTD Opp. at 15-17.

17

18

19

20

21

22

23

24

25

26

27

28

SEEFER DECL IN SUPPORT OF LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT - 3:13-cv-03791-SC     - 7 -

1   **III.**     **CONCLUSION**

2        Plaintiffs do not oppose the Court's consideration of Exhibits 1-5, 11-15 and 17-19 under the

3 incorporation-by-reference rule but do oppose any request that the Court judicially notice the truth of

4 the contents of those documents.  Plaintiffs also do not oppose the Court's consideration of Exhibit

5 20 because the information contained therein is central to plaintiffs' claims and not subject to

6 reasonable dispute.  Plaintiffs decline to oppose consideration of Exhibits 6-10, which, though

7 irrelevant, may be judicially noticed so long as the truth of the contents of those documents is not.

8 Plaintiffs oppose consideration of Exhibit 16 because it is not referenced in the Complaint or central

9 to plaintiffs' claims.

10   DATED:  June 16, 2014              Respectfully submitted,

11                                   ROBBINS GELLER RUDMAN
12                                       & DOWD LLP
                                  CHRISTOPHER P. SEEFER
13                                   KENNETH J. BLACK

14

                                              s/ Christopher P. Seefer
15                                 CHRISTOPHER P. SEEFER

16                                   Post Montgomery Center
                                  One Montgomery Street, Suite 1800
17                                   San Francisco, CA  94104
                                  Telephone:  415/288-4545
18                                   415/288-4534 (fax)

19                                   Lead Counsel for Plaintiffs

20                                   ZELDES HAEGGQUIST & ECK, LLP
21                                   AMBER L. ECK
                                  625 Broadway, Suite 1000
22                                   San Diego, CA  92101
                                  Telephone:  619/342-8000
23                                   619/342-7878 (fax)

24                                   Additional Counsel for Plaintiffs

25

26

27

28

CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 16, 2014.

s/ Christopher P. Seefer
CHRISTOPHER P. SEEFER

ROBBINS GELLER RUDMAN
   & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
E-mail:chriss@rgrdlaw.com

LEAD PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE - 3:13-cv-03791-SC

# Mailing Information for a Case 3:13-cv-03791-SC In Re Ecotality, Inc. Securities Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **Brian Edward Cochran**
  bcochran@rgrdlaw.com

- **Hal Davis Cunningham**
  hcunningham@scott-scott.com,efile@scott-scott.com

- **John C. Dwyer**
  dwyerjc@cooley.com,giovannonib@cooley.com

- **Amber L. Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com,RobynS@zhlaw.com

- **Lionel Z. Glancy**
  info@glancylaw.com,lboyarsky@glancylaw.com,lglancy@glancylaw.com

- **Michael M. Goldberg**
  mmgoldberg@glancylaw.com,csadler@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.com

- **Brian O. O'Mara**
  bo'mara@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Mark Punzalan**
  markp@punzalanlaw.com,smutschall@zlk.com,tgottschlich@zlk.com,nporritt@zlk.com,office@punzalanlaw.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net

- **Samuel H. Rudman**
  srudman@csgrr.com

- **Jessica Valenzuela Santamaria**
  jsantamaria@cooley.com,galancr@cooley.com

- **Christopher Paul Seefer**
  chriss@rgrdlaw.com,kennyb@rgrdlaw.com,dhall@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Tower Charles Snow , Jr**
  tsnow@cooley.com,keudaley@cooley.com

- **Adam Christopher Trigg**
  atrigg@cooley.com,jcorrell@cooley.com

- **Avraham Noam Wagner**
  avi@thewagnerfirm.com

CAND-ECF-

- **Jeffrey Michael Walker**
  jwalker@cooley.com,foxl@cooley.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,e_file_sd@rgrdlaw.com,tcraig@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Joseph Bernard Woodring**
  jwoodring@cooley.com,jderosier@cooley.com,maraujo@cooley.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)