| | |
|---|---|
| 1 | COOLEY LLP |
|   | TOWER C. SNOW, JR. (58342) (tsnow@cooley.com) |
| 2 | 101 California Street, 5th Floor |
|   | San Francisco, CA  94111-5800 |
| 3 | Telephone:     (415) 693-2000 |
|   | Facsimile:      (415) 693-2222 |
| 4 | |
|   | COOLEY LLP |
| 5 | JESSICA VALENZUELA SANTAMARIA (220934) (jsantamaria@cooley.com) |
|   | ADAM C. TRIGG (261498) (atrigg@cooley.com) |
| 6 | Five Palo Alto Square |
|   | 3000 El Camino Real |
| 7 | Palo Alto, CA 94306-2155 |
|   | Telephone:     (650) 843-5000 |
| 8 | Facsimile:      (650) 849-7400 |
| 9 | COOLEY LLP |
|   | JOSEPH B. WOODRING (272940) (jwoodring@cooley.com) |
| 10 | 1333 2nd Street, Suite 400 |
|   | Santa Monica, CA 90401 |
| 11 | Telephone:     (310) 883-6400 |
|   | Facsimile:      (310) 883-6500 |
| 12 | |
|   | Attorneys for Defendants |
| 13 | H. RAVI BRAR and SUSIE HERRMANN |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re ECOtality, Inc. Securities Litigation | Case No.  3:13-CV-03791-SC (Consolidated with Case Nos. 13-cv-03840 and 13-cv-45679) |
| This Document Relates To:  ALL ACTIONS. | **DEFENDANTS H. RAVI BRAR AND SUSIE HERRMANN'S ADMINISTRATIVE MOTION TO RELATE CASES (CIVIL L.R. 3-12 & 7-11)**  Judge:     Hon. Samuel Conti |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendants H. Ravi Brar and Susie Herrmann ("Defendants"), by and through their undersigned counsel, hereby submit this administrative motion seeking an order relating the case captioned *Special Situations Fund III QP, LP et al. v. Brar et al.*, Case No. 14-cv-04717-JSC ("*Special Situations*"), to the earlier-filed consolidated class action captioned *In re ECOtality Securities Litigation*, Case No. 13-cv-03791-SC ("*Securities Litigation*"),[1] pursuant to Civil Local Rules 3-12 and 7-11.[2] For the Court's convenience, the *Securities Litigation* Consolidated Class Action Complaint ("CAC") is attached as Exhibit A to the Stipulation i/s/o Defendants H. Ravi Brar and Susie Herrmann's Administrative Motion to Relate Cases ("Stipulation"), and the *Special Situations* Complaint is attached as Exhibit B to the Stipulation.

## I. INTRODUCTION

Defendants in the *Securities Litigation* are current and former officers of ECOtality, Inc. ("ECOtality"). The *Securities Litigation* plaintiffs brought a putative class action alleging violations of the federal securities laws on behalf of all purchasers of ECOtality common stock between April 16, 2013 and August 9, 2013. (Dkt. No. 52.) On December 13, 2013, the Court issued an order in the *Securities Litigation* consolidating three related actions, appointing a Lead Plaintiff, and approving Lead Counsel ("Consolidation Order"). (Dkt. No. 47.) The Consolidation Order provides that "All related actions that are subsequently filed in or transferred to this District shall be consolidated into this action for pretrial purposes." (*Id.*) The Consolidation Order further allows a party to object to consolidation. (*Id.*) On January 31, 2014, the *Securities Litigation* plaintiffs filed the CAC. (Dkt. No. 52.) On May 2, 2014, Defendants moved to dismiss the CAC. (Dkt. No. 60.) On September 16, 2014, the Court granted Defendants' Motion to Dismiss, dismissing some of plaintiffs' claims with prejudice and others with leave to amend. (Dkt. No. 70.) On October 23, 2014, plaintiffs filed a Notice of Settlement.

---

[1] Consolidated with Case Nos. 13-cv-03840 and 13-cv-45679.

[2] Civil Local Rule 3-12(f) states that "the Judge in this District who is assigned to the earliest-filed case will decide if the cases are or are not related." In accordance with Civil Local Rule 3-12(b), all parties in the cases are being served with this motion, and chambers copies are being lodged in both cases.

(Dkt. No. 73.)

On October 23, 2014, plaintiffs in the *Special Situations* action filed a complaint against H. Ravi Brar, Susie Herrmann, and Murray Jones alleging violations of the federal securities laws and California Corporations Code arising from their purchase of common stock of ECOtality under a Securities Purchase Agreement dated June 12, 2013. (*Id.*) As such, the *Special Situations* plaintiffs are members of the putative class alleged in the *Securities Litigation* action. The *Special Situations* plaintiffs intend to opt out of the putative class alleged in the *Securities Litigation* action.

Defendants are filing this administrative motion to relate the *Securities Litigation* and *Special Situations* actions, which concern substantially overlapping parties, transactions, events, and causes of action, and pose the potential for unduly burdensome duplication of labor and expense if the cases are not related. Specifically, both actions: (1) are brought by plaintiffs who are members of the same putative class; (2) name the same defendants, other than one additional individual in the *Special Situations* action; and (3) allege causes of action under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder. Thus, judicial economy and the Civil Local Rules dictate that the two cases should be related. Counsel for Defendants, the *Securities Litigation* plaintiffs, and the *Special Situations* plaintiffs have agreed that the *Special Situations* and *Securities Litigation* actions should be related. (*See* Stipulation.)

Because, however, the lowest-numbered case (*Securities Litigation*) has settled and the newly filed case (*Special Situations*) will move forward and be challenged by Defendants, counsel for Defendants, the *Securities Litigation* plaintiffs, and the *Special Situations* plaintiffs agree that the cases should not be consolidated.

**II.    THE *SECURITIES LITIGATION* AND *SPECIAL SITUATIONS* ACTIONS SHOULD BE RELATED**

Under Civil Local Rule 3-12, actions are related when: "(1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." All of these factors are met here.

***Same parties:*** H. Ravi Brar and Susie Herrmann, the former CEO and CFO of ECOtality, respectively, are named defendants in both the *Securities Litigation* and *Special Situations* actions.[3] The plaintiffs in the *Securities Litigation* action brought claims on behalf of all purchasers of ECOtality common stock between April 16, 2013 and August 9, 2013. (Ex. A ¶ 1.) The plaintiffs in the *Special Situations* action, who allege they purchased common stock of ECOtality under a Securities Purchase Agreement dated June 12, 2013 (Ex. B ¶ 1), are thus members of the putative class alleged in the *Securities Litigation*. Accordingly, the *Securities Litigation* and *Special Situations* actions concern substantially the same parties.

***Same "transaction" or "event" at issue:*** Both the Securities Litigation and Special Situations actions make allegations about a corrective action plan allegedly requested during the EV Project (Ex. A ¶ 80; Ex. B ¶ 9, 52), as well as about Defendants' alleged misrepresentations regarding ECOtality's status under the EV Project (Ex. A ¶¶ 3-6, 56-66, 72-82; Ex. B ¶¶ 4, 8-10, 32-44). The *Securities Litigation* CAC also makes reference to the Securities Purchase Agreement signed by plaintiffs in the *Special Situations* action. (Ex. A ¶¶ 17, 18, 145.) Both actions are brought by alleged purchasers of ECOtality common stock, and the *Special Situations* plaintiffs are members of the putative class defined in the *Securities Litigation* action. (Ex. A ¶ 1; Ex. B ¶ 1). Moreover, both actions assert federal causes of action under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. (Ex. A ¶ 172-177; Ex. B ¶ 66-83.)

***Potential for duplication of labor and conflicting results:*** If the *Securities Litigation* and *Special Situations* actions are not related, the conduct of the *Special Situations* action will result in unduly burdensome duplication of labor and will waste judicial resources. The Court has already considered and ruled on the substantive claims in the *Securities Litigation* action (Dkt. No. 70), and the *Special Situations* action involves similar parties and events. Relation to the *Securities Litigation* action would thereby preserve both Court and party resources.

---

[3] The *Securities Litigation* action also named ECOtality outside directors Kevin Cameron, Enrique Santacana, and Andrew Tang solely on claims under Sections 11 and 15 of the Securities Act of 1933. (Dkt. No. 52.) The Court dismissed those claims with prejudice. (Dkt. No. 70.) The *Special Situations* action also names Murray Jones, ECOtality's former Chief Operating Officer, as a defendant. (Stipulation, Ex. B.)

COOLEY LLP
ATTORNEYS AT LAW

3

ADMINISTRATIVE MOTION TO RELATE CASES
3:13-CV-03791-SC

### III. THE *SECURITIES LITIGATION* AND *SPECIAL SITUATIONS* ACTIONS SHOULD NOT BE CONSOLIDATED

Although Defendants respectfully request that the *Securities Litigation* and *Special Situations* actions be related, Defendants further request that the actions not be consolidated under the Consolidation Order (Dkt. No. 47).[4] The lowest-numbered case (the *Securities Litigation*) has settled, and counsel for plaintiffs has filed a Notice of Settlement with the Court. (Dkt. No. 73.) The parties to the *Securities Litigation* are in the process of preparing a stipulation of settlement, and lead plaintiff anticipates filing a motion for preliminary approval of the settlement by the end of November 2014. The *Special Situations* plaintiffs intend to opt out of the putative class settlement of the *Securities Litigation* action.

The *Special Situations* action, in contrast, will proceed. Defendants intend to move to dismiss the complaint in the *Special Situations* action. As such, counsel for Defendants, the *Securities Litigation* plaintiffs, and the *Special Situations* plaintiffs agree that the cases should not be consolidated.

### IV. CONCLUSION

For these reasons, Defendants respectfully request that the Court grant this unopposed administrative motion and order that the *Special Situations* action be related to, but not consolidated with, the *Securities Litigation* action.

///
///
///
///
///
///
///

---

[4] The Consolidation Order provides that a party who objects to consolidation "must file an application for relief from this Order within thirty (30) days after the date on which a copy of this Order is mailed to the party's counsel." (Dkt. No. 47.) Defendants respectfully request that the Court consider this Motion as an application for relief from the Consolidation Order.

1 **Respectfully Submitted,**

Dated: November 18, 2014

COOLEY LLP
TOWER C. SNOW, JR. (58342)
JESSICA VALENZUELA SANTAMARIA (220934)
ADAM C. TRIGG (261498)
JOSEPH B. WOODRING (272940)


*/s/ Joseph B. Woodring*
Joseph B. Woodring (272940)

Attorneys for Defendants
H. RAVI BRAR and SUSIE HERRMANN