**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ECOTALITY, INC. SECURITIES LITIGATION | ) Master File No. 13-03791-SC<br>)<br>) <u>PRELIMINARY APPROVAL ORDER</u><br>) |
| This Document Relates To:<br><br>    ALL ACTIONS | )<br>)<br>)<br>)<br>)<br>)<br>) |

WHEREAS, a consolidated action is pending before this Court styled <u>In re ECOtality, Inc. Securities Litigation</u>, Master File No. 3:13-cv-03791-SC (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated as of December 22, 2014 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

**United States District Court**
For the Northern District of California

WHEREAS, all capitalized terms herein shall have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.   The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.   The Court hereby certifies a Class, for settlement purposes only, defined as: all Persons who purchased ECOtality common stock beginning on April 16, 2013 and through and including August 12, 2013, and were damaged thereby.  Excluded from this definition are (a) all Defendants and their immediate families, (b) ECOtality's former and current officers and directors and their immediate families, and (c) any entity in which these excluded persons have a controlling interest.  Also excluded from the Class are those Persons who validly and timely request exclusion from the Class pursuant to the terms of the Stipulation and its related Exhibits.

3.   With respect to the Class, this Court finds for purposes of effectuating this settlement only, that (a) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of

**United States District Court**
For the Northern District of California

the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

4.   A hearing (the "Settlement Hearing") shall be held before this Court on June 26, 2015, at 10:00 a.m., at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 1, San Francisco, CA 94102, to determine whether the settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Final Order as provided in ¶ 1.13 of the Stipulation should be entered; whether the proposed Plan of Allocation should be approved; and to determine the amount of the Fee and Expense Award and the amount of expenses that should be paid to Lead Plaintiff for his representation of the Class.  The Court may adjourn the Settlement Hearing without further notice to the Members of the Class.

5.   The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed as Exhibits A-1, A-2, and A-3 to Plaintiff's proposed order (ECF No. 79-1) and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶ 6 of this Order meet the

requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6.   The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)  The Claims Administrator shall make reasonable efforts to identify all Persons who are Members of the Class and not later than March 20, 2015 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and post on the website identified in the Notice and Summary Notice, the Stipulation and its Exhibits;

(b)  Not later than March 30, 2015, the Claims Administrator shall cause the Summary Notice to be published once in Investor's Business Daily and once over a national newswire service;

(c)  Not later than March 30, 2015, the Claims Administrator shall post at the website identified in the Notice and Summary Notice, the Motion for Final Approval of the Settlement and Plan of Allocation and the Fee and Expense Application; and

(d)  At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be served on

4

Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

7.    Nominees who purchased ECOtality common stock for the beneficial ownership of Class Members during the Class Period shall send the Notice and the Proof of Claim to all beneficial owners of such ECOtality common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

8.    All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

9.    Class Members who wish to participate in the settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim must be postmarked no later than ninety (90) days from the Notice Date.  Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  Notwithstanding the foregoing, Lead Counsel may, in its discretion,

2  accept late-submitted claims for processing by the Claims

3  Administrator so long as distribution of the Net Settlement Fund is

4  not materially delayed thereby.  Lead Counsel and/or the Claims

5  Administrator shall have no liability for declining to accept any

6  such late-submitted claims.

7     10.  Any Member of the Class may enter an appearance in the

8  Litigation, at their own expense, individually or through counsel

9  of their own choice.  If they do not enter an appearance, they will

10  be represented by Lead Counsel.

11     11.  Any Person falling within the definition of the Class

12  may, upon request, be excluded from the Class.  Any such Person

13  must submit to the Claims Administrator a request for exclusion

14  ("Request for Exclusion"), postmarked no later than May 19, 2015.

15  No Person may exclude himself, herself or itself from the Class

16  after that date.  A Request for Exclusion must state: (a) the name,

17  address, and telephone number of the Person requesting exclusion;

18  (b) that the Person wishes to be excluded from the Class; and (c)

19  the Person's signature.  Requests for Exclusion will not be

20  accepted if the requests do not include the required information

21  and/or if the requests are not made within the time stated above,

22  unless the Requests for Exclusion are otherwise accepted by the

23  Court.  All Persons who submit valid and timely Requests for

24  Exclusion in the manner set forth in this paragraph shall have no

25  rights under the Stipulation, shall not share in the distribution

26  of the Net Settlement Fund, and shall not be bound by the

27  Stipulation or the Judgment entered in the Litigation.

28  ///

**United States District Court**
For the Northern District of California

12.   Unless otherwise ordered by the Court, upon the Effective Date, all Persons who fall within the definition of the Class and have not timely and validly requested to be excluded from the Class in accordance with the instructions set forth above shall be subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Final Order and Judgment with respect to all Released Claims, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Net Settlement Fund.

13.   Any Member of the Class may appear and show cause, if he, she or it has any reason as to why the settlement of the Litigation should or should not be approved as fair, reasonable, and adequate; why a judgment should or should not be entered thereon; why the Plan of Allocation should or should not be approved; why attorneys' fees and expenses should or should not be awarded to Lead Counsel and/or why the Lead Plaintiff should or should not be paid for his time and expenses in representing the Class; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person filed and/or mailed said objections, papers, and briefs with the Class Action Clerk of the United States District Court for the Northern District of California, San Francisco Division, or filed them in person at any location of the United States District Court for the Northern District of California, such that they are filed on or before May 19, 2015. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any

**United States District Court**
For the Northern District of California

1   objection to the fairness or adequacy of the proposed settlement as

2   set forth in the Stipulation, to the Plan of Allocation, or to the

3   Fee and Expense Application or to the payment of time and expenses

4   to Lead Plaintiff for his representation of the Class, unless

5   otherwise ordered by the Court.

6       14.  All funds held by the Escrow Agent shall be deemed and

7   considered to be in <u>custodia legis</u> of the Court, and shall remain

8   subject to the jurisdiction of the Court, until such time as such

9   funds shall be distributed pursuant to the Stipulation and/or

10   further order(s) of the Court.

11       15.  All opening briefs and supporting documents in support of

12   the settlement, the Plan of Allocation, and the Fee and Expense

13   Application shall be filed and served at least fourteen (14)

14   calendar days prior to the deadline for objections in ¶ 13.

15   Replies to any objections shall be filed and served fourteen (14)

16   calendar days prior to the Settlement Hearing.

17       16.  Neither the Defendants and their Related Parties nor the

18   Defendants' counsel shall have any responsibility for the Plan of

19   Allocation or the Fee and Expense Award or expenses requested by

20   Lead Plaintiff, and such matters will be considered separately from

21   the fairness, reasonableness, and adequacy of the settlement.

22       17.  At or after the Settlement Hearing, the Court shall

23   determine whether the Plan of Allocation proposed by Lead Counsel,

24   the Fee and Expense Application and payment of Lead Plaintiff's

25   time and expenses shall be approved.

26       18.  All reasonable expenses incurred in identifying and

27   notifying Class Members, as well as administering the Settlement

28   Fund, shall be paid as set forth in the Stipulation.  In the event

United States District Court
For the Northern District of California

the settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor his counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶¶ 2.7 or 2.8 of the Stipulation.

19.  Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

20.  The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.  The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

21.  If the Stipulation and/or the settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation, proposed settlement, and all proceedings had in connection therewith, including, without limitation, this Order, shall be rendered null and void and shall be vacated nunc pro tunc, except that the provisions set forth in the Stipulation related to this circumstance shall apply.

22.  Pending final determination as to whether the Settlement as set forth in the Stipulation should be approved, all proceedings in the Litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court.

**United States District Court**
For the Northern District of California

23.   Pending final determination as to whether the Settlement as set forth in the Stipulation should be approved, no Class Member shall commence, prosecute, pursue or litigate any Released Claim against any of the Released Persons, regardless of whether or not any such Class Member has appeared in the Litigation.  This paragraph 23 shall not apply to or otherwise impact the complaint captioned <u>Special Situations Fund III QP, et al. v. H. Ravi Brar et al.</u>, Case No. 14-cv-04717, filed in the United States District Court of the Northern District of California on or around October 23, 2014.

IT IS SO ORDERED.


Dated: March 6, 2014              _____

                                  UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

ROBBINS GELLER RUDMAN
   & DOWD LLP
CHRISTOPHER P. SEEFER (201197)
KENNETH J. BLACK (291871)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
chriss@rgrdlaw.com
kennyb@rgrdlaw.com
        – and –
JEFFREY D. LIGHT (159515)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jeffl@rgrdlaw.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ECOTALITY, INC. SECURITIES LITIGATION | ) ) ) Master File No. 3:13-cv-03791-SC |
| | ) ) <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION |
| ALL ACTIONS. | ) ) ) EXHIBIT A-1 |
| | ) |

978712_5

*If you purchased ECOtality, Inc. ("ECOtality" or the "Company")[1] common stock during the period from April 16, 2013 to August 12, 2013 (the "Class Period"), and were damaged thereby, and are not otherwise excluded from the Class (see Question 6 below), you could get a payment from a class action settlement.*

A federal court authorized this Notice.  This is not a solicitation from a lawyer.  Your legal rights may be affected whether you act or do not act.  Read this Notice carefully.

**Security and Time Period**:  Purchases of ECOtality common stock purchased between April 16, 2013 and August 12, 2013.

**Settlement Fund:**  $1,100,000 in cash plus any interest earned.  Your recovery will depend on the timing of your purchases and sales of ECOtality common stock during the Class Period.  Based on the information currently available to Lead Plaintiff and the analysis performed by his damages consultant, it is estimated that if Class Members submit claims for 100% of the shares eligible for distribution under the Plan of Allocation (described below), the estimated average distribution per share of common stock will be approximately $0.08 before deduction of Court-approved fees and expenses, including the cost of notifying Members of the Class and settlement administration and any attorneys' fees and expenses awarded by the Court to counsel for the Lead Plaintiff and any award to Lead Plaintiff for his representation of the Class.  Historically, actual claims rates are less than 100%, which result in higher distributions per share.  A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's recognized claim as compared to the total recognized claims of all Class Members who submit valid Proof of Claim and Release forms ("Proof of Claim").

**Reasons for Settlement:**  Avoids the costs and risks associated with continued litigation, including the danger of no recovery.

Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the facts developed to date support the claims asserted.  Lead Plaintiff and his counsel believe that the

---

[1]   This Notice incorporates by reference the definitions in the Stipulation of Settlement dated as of December 22, 2014 ("Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.   The Stipulation can be obtained at www.ecotalitysecuritieslitigation.com.

1  Settlement provides the Class with a substantial benefit now in lieu of engaging in further litigation,

2  especially considering the risk of no recovery at all in light of the Court's September 16, 2014 order

3  granting Defendants' motion to dismiss the claims asserted by Lead Plaintiff on behalf of the Class.

4  Defendants have denied and continue to deny, *inter alia*, that Lead Plaintiff and the Class

5  have suffered damages, that Defendants or any of them made or caused to be made any alleged

6  material misrepresentation or omission, and that any Defendant acted with scienter in making or

7  causing any alleged misrepresentation or omission. Nonetheless, Defendants have concluded that

8  further conduct of the Litigation could be protracted and expensive, and that it is desirable that the

9  Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the

10 parties' Stipulation. Defendants also have taken into account the uncertainty and risks inherent in

11 any litigation, especially in complex cases like this Litigation.

12 Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or

13 proceedings connected with it, shall be construed as an admission or concession by any of the

14 Defendants of the merit or truth of any of the allegations or wrongdoing of any kind on the part of

15 any of the Defendants.

16 **If the Case Had Not Settled:** Continuing with the case could have resulted in Lead

17 Plaintiff's claims being dismissed on Defendants' motion to dismiss, at summary judgment, trial or

18 on appeal. The two sides vigorously disagree on both liability and the amount of money that could

19 have been won if Lead Plaintiff prevailed at trial. The parties disagree, among other issues, about:

20 (1) whether any Defendant made a false statement; (2) whether any Defendant knew any alleged

21 false statement was false when made; (3) the method for determining whether the price of ECOtality

22 common stock was artificially inflated during the relevant period; (4) whether there was any such

23 inflation and the amount of any such alleged inflation; (5) whether there was any wrongdoing on the

24 part of any Defendants; (6) the extent that various facts alleged by Lead Plaintiff influenced the

25 trading price of ECOtality common stock during the Class Period; and (7) whether any allegedly

26 false or misleading statement or omission was material under the federal securities laws.

27 **Attorneys' Fees and Expenses:** Court-appointed Lead Counsel will ask the Court for

28 attorneys' fees of up to 25% of the Settlement Fund and expenses not to exceed $50,000.00 to be

paid from the Settlement Fund plus interest.  Lead Plaintiff may also apply for his time and expenses in representing the Class.  Lead Counsel has not received any payment for its work investigating the facts, prosecuting this Litigation, and negotiating this settlement on behalf of the Lead Plaintiff and the Class.  If the above amounts are requested and approved by the Court, the average cost per share of common stock will be approximately $0.02.[2]

**More Information:**  www.ecotalitysecuritieslitigation.com or

Claims Administrator:                        Representative of Lead Counsel:

*ECOtality Securities Litigation*            Rick Nelson
Claims Administrator                         Shareholder Relations
c/o Gilardi & Co. LLC                        Robbins Geller Rudman & Dowd LLP
P.O. Box 990                                 655 West Broadway, Suite 1900
Corte Madera, CA 94976-0990                  San Diego, CA  92101
1-877-217-5880                               1-800-449-4900

- Your legal rights are affected whether you act or do not act.  Read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment.  Claim forms must be mailed or submitted online on or before Lvpg"3: , 2015. |
| **EXCLUDE YOURSELF** | Get no payment.  Unless you exclude yourself from the Class, you will be unable to pursue any claims against the Defendants or any other Released Person related to the wrongdoing alleged in this lawsuit.  Exclusions must be postmarked on or before O c{ '3; .'2015. |
| **OBJECT** | You may write to the Court if you have any objection to the settlement, the request for attorneys' fees and expenses, the requested award to Lead Plaintiff for his time and expenses in representing the Class, or the Plan of Allocation.  Objections must be filed by O c{ '3; , 2015. |

---

[2]    The estimated costs of notice and settlement administration is $95,000.00.  If the attorneys' fees and expenses are approved by the Court and the notice and settlement administration costs are $95,000.00, the average cost per share would be approximately $0.03.

| | |
|---|---|
| **GO TO THE SETTLEMENT HEARING** | You may ask to speak in Court about the fairness of the settlement.  Requests to speak must be filed with the Court on or before O c{'3; , 2015.  The Court hearing on the settlement, Plan of Allocation and Lead Counsel's request for an award of attorneys' fees and expenses is scheduled for Lฟpg 48.'2015, at 32<22'c ฿ .[3] |
| **DO NOTHING** | Get no payment.  Give up your rights. |

- These rights and options — *and the deadlines to exercise them* — are explained in this Notice.

- The Court in charge of this case must decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

## BASIC INFORMATION

### 1.      Why did I get this notice package?

You or someone in your family may have purchased ECOtality common stock between April 16, 2013 and August 12, 2013.

The Court directed that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves it and after any objections or appeals (if there are any) are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

---

[3]      The date and/or time of the Court hearing on the fairness of the settlement may change without further notice to the Class.  If you plan on attending the Court hearing, please check the website, www.ecotalitysecuritieslitigation.com or call Rick Nelson, Shareholder Relations representative of Lead Counsel at 1-800-449-4900 to confirm that the date and/or time has not changed.

1    The Court in charge of the case is the United States District Court for the Northern District of

2    California (the "Court"), and the case is known as *In re ECOtality, Inc. Securities Litigation*, Master

3    File No. 3:13-cv-03791-SC.  The person that leads the Litigation, Joseph W. Vale, is called the Lead

4    Plaintiff and the individuals he sued are called Defendants.[4]

5    ## 2.    What is this lawsuit about?

6    On August 15, 2013, Hua-Chen Jenny Lin and Jonathan W. Diamond filed a complaint for

7    violations of the federal securities laws against ECOtality, H. Ravi Brar and Susie Herrmann (the

8    "*Lin*" action).  On August 19, 2013 and October 3, 2013, Eric M. Cohen (the "*Cohen*" action) and

9    Francis X. Fleming, Jr. (the "*Fleming*" action), respectively filed substantially similar securities class

10   actions in the Court.  On October 15, 2013, six competing movants, including Joseph W. Vale

11   ("Vale'), filed motions to consolidate the *Lin*, *Cohen*, and *Fleming* actions for all purposes.  On

12   December 13, 2013, the Court consolidated the *Lin*, *Cohen*, and *Fleming* actions for all purposes,

13   appointed Vale as Lead Plaintiff, and appointed Robbins Geller Rudman & Dowd LLP as Lead

14   Counsel.  On January 31, 2014, Lead Plaintiff filed the Consolidated Amended Complaint for

15   Violations of the Federal Securities Laws (the "Complaint") against Defendants.

16   The Complaint alleged that, before filing for bankruptcy, ECOtality, designed, manufactured,

17   tested and sold electric vehicle ("EV") charging and energy storage systems known as Blink

18   chargers and derived most of its revenues from the Department of Energy ("DOE") for its

19   participation in the DOE's Vehicle Technologies Program.  In 2009, ECOtality was awarded a grant

20   of $100.2 million to, among other things, deploy Blink chargers and analyze EV charger usage data

21   ("EV Project").  The Complaint claimed that EV Project was modified in 2012 such that

22   ECOtality was scheduled to deploy 13,200 EV chargers by September 2013 and to complete data

23   collection and analysis by December 31, 2013.

24   Lead Plaintiff alleged in the Complaint that Defendants made materially false and misleading

25   statements about the Company by purportedly falsely representing ECOtality would successfully

26

27   _____
     [4]    The Defendants in this Litigation are H. Ravi Brar, Susie Herrmann, Enrique Santacana, Kevin
     Cameron and Andrew Tang.  ECOtality was not named as a defendant because of its bankruptcy
28   filing.  Messrs. Santacana, Cameron and Tang were dismissed from the Litigation with prejudice.

1   complete the EV Project and meet the installation and data collection milestones when, in fact, the

2   DOE allegedly had concluded ECOtality would not.  Lead Plaintiff also alleged that Defendants

3   purportedly falsely represented the Company would begin deliveries of the Minit-Charger 12, an

4   industrial EV charger, by 3Q13 when they allegedly knew of numerous problems with the

5   development of the Minit-Charger 12 that would prevent any sales in 2013, and that Defendants

6   purportedly falsely represented ECOtality was successfully transitioning the Company to selling its

7   products and services without government subsidies when they allegedly knew unsubsidized sales

8   were substantially less than necessary to support ECOtality's operations.

9        On May 2, 2014, Defendants filed a motion to dismiss the Complaint.  On June 16, 2014,

10  Lead Plaintiff filed an opposition, and on July 21, 2014, Defendants filed their reply.  On September

11  16, 2014, after vacating the August 22, 2014 hearing date, the Court issued an order granting

12  Defendants' motion to dismiss.  Specifically, the Court dismissed with prejudice Lead Plaintiff's

13  claims (1) under Sections 11 and 15 of the Securities Act of 1933, (2) based on Defendants'

14  predictions about the release date of the Minit-Charger 12, and (3) based on Defendants' statements

15  about ECOtality's transition away from the EV Project.  The Court dismissed with leave to amend

16  Lead Plaintiff's claims based on Defendants' statements about ECOtality's progress under the EV

17  Project.

18       Defendants deny all of Lead Plaintiff's allegations and further deny that they did anything

19  wrong.  Defendants also deny that Lead Plaintiff or the Class suffered damages or that the price of

20  ECOtality common stock was artificially inflated by reasons of alleged misrepresentations, non-

21  disclosures or otherwise.  Further, Defendants deny that any false statements were made, that any

22  Defendant acted with scienter, and that Lead Plaintiff pled any actionable purported misstatement or

23  omission.

24       **3.     Why is this a class action?**

25       In a class action, one or more people called class representatives (in this case, the Lead

26  Plaintiff Joseph W. Vale), sue on behalf of people who have similar claims.  All of these people

27  and/or entities are called a class or class members.  One judge – in this case, United States Senior

28

1    District Court Judge Samuel Conti – resolves the issues for all class members, except for those who

2    exclude themselves from the class.

3        **4.      Why is there a settlement?**

4        The Court did not decide in favor of the Lead Plaintiff or Defendants.  Instead, the lawyers

5    for both sides of the lawsuit have negotiated a settlement that they believe is in the best interests of

6    their respective clients.  The settlement allows both sides to avoid the risks and cost of lengthy and

7    uncertain litigation and the uncertainty of a trial and appeals, and permits Class Members to be

8    compensated without further delay.  The Lead Plaintiff and his attorneys think the settlement is best

9    for all Class Members.  The Defendants have concluded that further defense of the Litigation would

10   be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in

11   the manner and upon the terms and conditions set forth in the Stipulation.  Defendants have also

12   taken into account the uncertainty and risks inherent in any litigation, especially in complex cases

13   such as this Litigation.

14                    **WHO GETS MONEY FROM THE SETTLEMENT**

15       To see if you will get money from this settlement, you first have to determine if you are a

16   Class Member.

17       **5.      How do I know if I am part of the settlement?**

18       The Class includes *all persons who purchased ECOtality common stock between April 16,*

19   *2013 and August 12, 2013, and were damaged thereby*.

20       **6.      Are there exceptions to being included in the Class?**

21       Yes.  Excluded from the Class are (a) all Defendants and their immediate families, (b)

22   ECOtality's former and current officers and directors and their immediate families, and (c) any entity

23   in which these excluded persons have a controlling interest.  Also excluded from the Class are those

24   Persons who timely and validly request exclusion from the Class.

25       **7.      I'm still not sure if I am included.**

26       If you still are not sure whether you are included, you can ask for free help.  You can call 1-

27   877-217-5880 or visit www.ecotalitysecuritieslitigation.com for more information; or, you can call

28   Rick Nelson at 1-800-449-4900 for more information.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

**8.      What does the settlement provide?**

The Defendants have agreed to cause to be paid $1,100,000 in cash (the "Settlement Fund"). The Settlement Fund, plus interest earned from the date it is established, less costs, fees, and expenses (the "Net Settlement Fund"), will be divided among all eligible Class Members who send in valid Proofs of Claim ("Authorized Claimants").  Costs, fees, and expenses include Court-approved attorneys' fees and expenses, the time and expenses of Lead Plaintiff approved by the Court, the costs of notifying Class Members, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice, the costs of claims administration, and taxes on the Settlement Fund.

**9.      How much will my payment be?**

Your share of the Net Settlement Fund will depend on the number of valid Proofs of Claim that Class Members send in and how many shares of ECOtality common stock you purchased during the relevant period and when you bought and sold them.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Lead Plaintiff's counsel conferred with their damages consultant and the Plan of Allocation reflects an assessment of damages that they believe could have been recovered had Lead Plaintiff prevailed at trial.

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.

1    The calculation of claims below is not an estimate of the amount you will receive.  It is a

2 formula for allocating the Net Settlement Fund among all Authorized Claimants.[5]

3    Class Period:  April 16, 2013 – August 12, 2013

4    The allocation is based on the August 12, 2013 price decline of $1.16.

5    1.    For shares of ECOtality common stock *purchased on or between April 16, 2013*

6 *through August 11, 2013*, the claim per share shall be as follows:

7        a)    If sold prior to August 12, 2013, the claim per share is $0.00.

8        b)    If retained, or sold, on or after August 12, 2013, the claim per share shall be

9 the lesser of: (i) $1.16 (August 12, 2013 price decline), or (ii) the difference between the purchase

10 price per share and $0.31 per share (August 12, 2013 closing price), or (iii) the difference between

11 the purchase price per share the sales price per share.

12    2.    For shares of ECOtality common stock *purchased on August 12, 2013*, the claim per

13 share shall be $0.00.[6]

14    For Class Members who held ECOtality common stock at the beginning of the Class Period

15 or made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method

16 will be applied to such holdings, purchases, and sales for purposes of calculating a claim.  Under the

17 FIFO method, sales of ECOtality common stock during the Class Period will be matched in

18 chronological order, first against common stock held at the beginning of the Class Period.  The

19 remaining sales of ECOtality common stock during the Class Period will then be matched, in

20 chronological order, against ECOtality common stock purchased during the Class Period.

21    An Authorized Claimant will be eligible to receive a distribution from the Net Settlement

22 Fund only if a Class Member had a net loss, after all profits from transactions in ECOtality common

23 stock during the Class Period are subtracted from all losses.  However, the proceeds from sales of

24

25    [5]    If any of the formulas set forth below yield an amount less than $0.00 the claim per share is $0.00.

26    [6]    Please note that although the Class Period includes August 12, 2013, shares of ECOtality

27 common stock that were purchased on August 12, 2013 are not eligible for a recovery under the Plan of Allocation because the disclosure made on August 12, 2013 that Lead Plaintiff alleges corrected

28 earlier alleged misrepresentations and omissions was made before the opening of trading that day.

1   ECOtality common stock which have been matched against ECOtality common stock held at the

2   beginning of the Class Period will not be used in the calculation of such net loss.

3         The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class

4   Member on equitable grounds.

5         Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all

6   Authorized Claimants.  No Person shall have any claim against Lead Plaintiff, any counsel for Lead

7   Plaintiff, any claims administrator or other Person designated by Lead Plaintiff's counsel,

8   Defendants, the Related Parties, the Released Persons, or counsel for Defendants based on

9   distributions made substantially in accordance with the Stipulation and the settlement contained

10  therein, the Plan of Allocation, or further orders of the Court.  All Class Members who fail to

11  complete and file a valid and timely Proof of Claim shall be barred from participating in

12  distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise

13  shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and

14  the releases given.

15              **HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM**

16        **10.     How will I get a payment?**

17        To qualify for a payment, you must send in a Proof of Claim.  A Proof of Claim is enclosed

18  with this Notice or it can be downloaded at www.ecotalitysecuritieslitigation.com.  Read the

19  instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail

20  it in the enclosed envelope or submit it online no later than L౬౬pg'3: , 2015.  The claim form may

21  be submitted online at www.ecotalitysecuritieslitigation.com.

22        **11.     When would I get my payment?**

23        The Court will hold a hearing on L౬౬pg'48, 2015, at 32<22'c0, 0 to decide whether to approve

24  the settlement.[7]  If Judge Conti approves the settlement, there may be appeals.  It is always uncertain

25  whether these appeals can be resolved favorably, and resolving them can take time, perhaps more

---

[7]      The date and/or time of the Court hearing on the fairness of the settlement may change without
further notice to the Class.  If you plan on attending the Court hearing, please check the website,
www.ecotalitysecuritieslitigation.com or call Rick Nelson, Shareholder Relations representative of
Lead Counsel at 1-800-449-4900 to confirm that the date and/or time has not changed.

1   than a year.  It also takes time for all the claim forms to be processed.  If there are no appeals and

2   depending on the number of claims submitted, the Claims Administrator could distribute the Net

3   Settlement Fund as early as nine months after the fairness hearing.  Please be patient.

4       **12.      What am I giving up to get a payment or stay in the Class?**

5       Unless you exclude yourself, you are staying in the Class, and that means that you cannot

6   sue, continue to sue, or be part of any other lawsuit against the Defendants about the same issues in

7   this case or about issues that could have been asserted in this case.  It also means that all of the

8   Court's orders will apply to you and legally bind you and you will release your Released Claims in

9   this case against Defendants and their Related Parties. "Released Claims" means any and all claims,

10  debts, demands, disputes, rights, causes of action, suits, matters, damages, or liabilities of any kind,

11  nature, and character whatsoever (including, but not limited to, any claims for damages, interest,

12  attorneys' fees, expert or consulting fees, and any and all other costs, expenses or liabilities

13  whatsoever), whether under federal, state, local, statutory, common law, foreign law, or any other

14  law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or

15  unliquidated, at law or in equity, matured or unmatured, including Unknown Claims (as defined in

16  the Stipulation), whether or not concealed or hidden (including, but not limited to, claims for

17  securities fraud, negligence, gross negligence, professional negligence, breach of any duty of care

18  and/or breach of duty of loyalty, fraud, breach of fiduciary duty, aiding and abetting a breach of

19  fiduciary duty, breach of contract, unjust enrichment, corporate waste, or violations of any statutes,

20  rules, duties or regulations) that have been or could have been or in the future could be asserted in

21  any forum, whether foreign or domestic, by Lead Plaintiff or any Class Member, or any Person

22  claiming through or on behalf of them, against any of the Released Persons that concern, arise out of,

23  are based on or relate in any way, directly or indirectly, to the allegations, acts, transactions, facts,

24  events, representations, or omissions involved or alleged in the Litigation, or which could have been

25  alleged. "Released Claims" further includes any and all claims arising out of, based upon or related

26  to the Settlement or resolution of the Litigation, except for any alleged breaches of the Stipulation.

27      "Related Parties" means ECOtality's and each Defendant's past or present directors, officers,

28  employees, partners, members, insurers, co-insurers, reinsurers, controlling shareholders, attorneys,

NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION - 3:13-cv-03791-SC          - 11 -

1   advisors, accountants, auditors, representatives, predecessors, successors, direct or indirect parents,

2   direct or indirect subsidiaries, affiliates, divisions, joint ventures, agents, assigns, spouses, heirs,

3   executors, estates, bankruptcy estates, administrators, related or affiliated entities, any entity in

4   which ECOtality or a Defendant has a controlling interest, any members of any Defendant's

5   immediate family, or any trust of which any Defendant is the settlor or which is for the benefit of

6   any Defendant or his or her family.

7                    **EXCLUDING YOURSELF FROM THE SETTLEMENT**

8           If you do not want a payment from this settlement, but you want to keep the right to sue or

9   continue to sue the Defendants on your own about the same issues in this case, then you must take

10  steps to get out of the Class.  This is called excluding yourself or is sometimes referred to as opting

11  out of the Class.

12          **13.     How do I get out of the Class?**

13          To exclude yourself from the Class, you must send a letter by mail stating that you want to be

14  excluded from *In re ECOtality, Inc. Securities Litigation*, Master File No. 3:13-cv-03791-SC.  You

15  must include your name, address, telephone number and your signature.  You must mail your

16  exclusion request postmarked no later than O c{'3; , 2015 to:

17                  *ECOtality Securities Litigation*
                    Claims Administrator
18                  c/o Gilardi & Co. LLC
                    P.O. Box 990
19                  Corte Madera, CA 94976-0990

20          You cannot exclude yourself on the phone or by e-mail.  If you ask to be excluded, you are

21  not eligible to get any settlement payment, and you cannot object to the settlement.  You will not be

22  legally bound by anything that happens in this lawsuit.

23          **14.     If I do not exclude myself, can I sue Defendants for the same thing later?**

24          No.  Unless you exclude yourself, you give up any right to sue Defendants or any Released

25  Person for the claims that this settlement resolves.  Remember, the exclusion deadline is O c{'3; ,

26  2015.

27

28

1    **15.    If I exclude myself, can I get money from this settlement?**

2        No.  If you exclude yourself, do not send in a Proof of Claim to ask for any money.  Once

3  you exclude yourself, you will receive no cash payment even if you also submit a Proof of Claim.

4                    **THE LAWYERS REPRESENTING YOU**

5    **16.    Do I have a lawyer in this case?**

6        The Court appointed the law firm of Robbins Geller Rudman & Dowd LLP to represent you

7  and other Class Members.  These lawyers are called Lead Counsel.  These lawyers will apply to the

8  Court for payment from the Settlement Fund; you will not otherwise be charged for their work.  If

9  you want to be represented by your own lawyer, you may hire one at your own expense.

10    **17.    How will the lawyers be paid?**

11        At the fairness hearing, Lead Counsel will request the Court to award attorneys' fees of up to

12  25% of the Settlement Fund and expenses up to $50,000.00, in connection with the Litigation.  Lead

13  Plaintiff will also request approximately $2,000.00 for his time and expenses in representing the

14  Class.  If awarded, the cost would be approximately $0.02 per share.  This compensation will be paid

15  from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

16  To date, Lead Counsel has not received any payment for its services in conducting this Litigation on

17  behalf of the Lead Plaintiff and the Class, nor has counsel been paid for its expenses.  The fee

18  requested will compensate Lead Counsel for its work in achieving the Settlement Fund and is well

19  within the range of fees awarded to class counsel under similar circumstances in other cases of this

20  type.  The Court may award less than this amount.

21                    **OBJECTING TO THE SETTLEMENT**

22        You can tell the Court that you do not agree with the settlement, the Plan of Allocation, Lead

23  Counsel's request for an award of attorneys' fees and expenses, or Lead Plaintiff's expenses.

24    **18.    How do I tell the Court that I do not like the settlement?**

25        If you are a Class Member (and you have not excluded yourself), you can object to the

26  settlement, the request for attorneys' fees and expenses, the requested award to Lead Plaintiff for his

27  time and expenses in representing the Class, or the Plan of Allocation if you do not like any part of

28  it.  The Court can only approve or deny the settlement.  You cannot ask the Court to order a larger

settlement. If the Court denies the settlement, no settlement payments will be sent out and the lawsuit will continue. You can give reasons why you think the Court should not approve the settlement, the request for attorneys' fees and expenses, the requested award to Lead Plaintiff, or the Plan of Allocation. The Court will consider your views. To object, you must file an objection saying that you object to the proposed settlement in *In re ECOtality, Inc. Securities Litigation*, Master File No. 3:13-cv-03791-SC. Be sure to include your name, address, telephone number, your signature, the number of shares of ECOtality common stock purchased between April 16, 2013 and August 12, 2013, and the reasons you object to the settlement, the requested attorneys' fees and expenses, the requested award to Lead Plaintiff, and/or the Plan of Allocation. Any such objection must be submitted to the Court below by filing or mailing them to the Class Action Clerk at the address below or by filing them in person at any location of the United States District Court for the Northern District of California, such that they are filed on or before O c{''3; , 2015.

United States District Court<br>
Class Action Clerk<br>
Northern District of California<br>
450 Golden Gate Avenue<br>
San Francisco, CA 94102

**19. What is the difference between objecting and excluding myself from the settlement?**

Objecting is telling the Court that you do not like something about the proposed settlement. You can object *only* if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer applies to you.

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the proposed settlement. You may attend, but you do not have to.

**20. When and where will the Court decide whether to approve the settlement?**

The Court will hold a hearing at 32‹22''c0› 0) on Lwpg''48, 2015, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 1, San Francisco, CA 94102. At this hearing, the Court will consider whether the settlement is fair, reasonable, and

1  adequate.  If there are objections, the Court will consider them.  The Court will listen to people who

2  have asked to speak at the hearing.  The Court will also decide whether to approve the payment of

3  attorneys' fees and expenses to Lead Counsel, whether to approve the expenses of Lead Plaintiff,

4  and whether to approve the Plan of Allocation.  We do not know how long the hearing will take or

5  whether the Court will make its decision on the day of the hearing or sometime later.

6  **21.    Do I have to come to the hearing?**

7  No.  Lead Counsel will answer questions Judge Conti may have.  But, you are welcome to

8  come at your own expense.  If you send an objection, you do not have to come to Court to talk about

9  it.  As long as you mailed your written objection on time, the Court will consider it.  You may also

10  pay your own lawyer to attend, but you are not required to do so.

11  **22.    May I speak at the hearing?**

12  You may ask the Court for permission to speak at the hearing.  To do so, you must send a

13  letter saying that it is your intention to appear in *In re ECOtality, Inc. Securities Litigation*, Master

14  File No. 3:13-cv-03791-SC.  Be sure to include your name, address, telephone number, your

15  signature, and the number of shares of ECOtality common stock purchased between April 16, 2013

16  and August 12, 2013.  Your notice of intention to appear must be filed with the Class Action Clerk,

17  at the address listed in Question 18 or filed at any location of the United States District Court for the

18  Northern District of California on or before O c {'3; . 2015.  You cannot speak at the hearing

19  if you exclude yourself from the Class.

20

21  **IF YOU DO NOTHING**

22  **23.    What happens if I do nothing at all?**

23  If you do nothing, you will get no money from this settlement.  But, unless you exclude

24  yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other

25  lawsuit against the Defendants or the Released Persons about the same issues in this case.

26

27

28

NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION - 3:13-cv-03791-SC          - 15 -

**GETTING MORE INFORMATION**

**24.      Are there more details about the settlement?**

This Notice summarizes the proposed settlement.  For the complete terms and conditions of the settlement, please see the Stipulation available at www.ecotalitysecuritieslitigation.com.  You can also call 1-800-449-4900 or write to a representative of Lead Counsel, Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 for more information about the settlement or the Litigation.  You can also access the Court docket in this case through the Court's Public Access to Electronic Records (PACER) System at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. *PLEASE DO NOT CALL THE COURT OR THE CLERK OF THE COURT FOR ADDITIONAL INFORMATION ABOUT THE SETTLEMENT OR THE CLAIMS PROCESS.*

**25.      Special notice to banks, brokers, and other nominees**

If you held any ECOtality common stock purchased between April 16, 2013 and August 12, 2013, as a nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

> *ECOtality Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 990
> Corte Madera, CA 94976-0990

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the

1  Notice and which would not have been incurred but for the obligation to forward the Notice, upon

2  submission of appropriate documentation to the Claims Administrator.

3  DATED: _____, 2015          BY ORDER OF THE COURT
                                              UNITED STATES DISTRICT COURT
4                                             NORTHERN DISTRICT OF CALIFORNIA

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A-2

1   ROBBINS GELLER RUDMAN
        & DOWD LLP
2   CHRISTOPHER P. SEEFER (201197)
    KENNETH J. BLACK (291871)
3   Post Montgomery Center
    One Montgomery Street, Suite 1800
4   San Francisco, CA  94104
    Telephone:  415/288-4545
5   415/288-4534 (fax)
    chriss@rgrdlaw.com
6   kennyb@rgrdlaw.com
              – and –
7   JEFFREY D. LIGHT (159515)
    655 West Broadway, Suite 1900
8   San Diego, CA  92101
    Telephone:  619/231-1058
9   619/231-7423 (fax)
    jeffl@rgrdlaw.com
10

11  Lead Counsel for Plaintiffs

12

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15  In re ECOTALITY, INC. SECURITIES          )   Master File No. 3:13-cv-03791-SC
    LITIGATION                                )
16                                            )   CLASS ACTION
    _____            )
17                                            )   PROOF OF CLAIM AND RELEASE
    This Document Relates To:                 )
18                                            )   EXHIBIT A-2
         ALL ACTIONS.                         )
19  _____            )

20

21

22

23

24

25

26

27

28

978775_4

## I.    GENERAL INSTRUCTIONS

1.      To recover as a Member of the Class based on your claims in the consolidated action entitled *In re ECOtality, Inc. Securities Litigation*, Master File No. 3:13-cv-03791-SC (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release form ("Proof of Claim").  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM POSTMARKED ON OR BEFORE  Lᴠᴘɢ"3: , 2015, ADDRESSED AS FOLLOWS:

> *ECOtality Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 990
> Corte Madera, CA 94976-0990
> www.ecotalitysecuritieslitigation.com

If you are NOT a Member of the Class (as defined in the Notice of Proposed Settlement of Class Action ("Notice")) DO NOT submit a Proof of Claim.

4.      If you are a Member of the Class and you did not timely request exclusion in connection with the proposed Settlement, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II.    CLAIMANT IDENTIFICATION

If you purchased ECOtality, Inc. ("ECOtality") common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased ECOtality common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

1   Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record

2   ("nominee"), if different from the beneficial purchaser of ECOtality common stock which forms the

3   basis of this claim.   THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL

4   PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE

5   ECOTALITY COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

6   All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators,

7   and trustees must complete and sign this claim on behalf of persons represented by them and their

8   authority must accompany this claim and their titles or capacities must be stated.  The Social

9   Security (or taxpayer identification) number and telephone number of the beneficial owner may be

10   used in verifying the claim.  Failure to provide the foregoing information could delay verification of

11   your claim or result in rejection of the claim.

12   **III.   CLAIM FORM**

13   Use Part II of this form entitled "Schedule of Transactions in ECOtality Common Stock" to

14   supply all required details of your transaction(s) in ECOtality common stock.  If you need more

15   space or additional schedules, attach separate sheets giving all of the required information in

16   substantially the same form.  Sign and print or type your name on each additional sheet.

17   On the schedules, provide all of the requested information with respect to *all* of your

18   purchases and *all* of your sales of ECOtality common stock which took place beginning on April 16,

19   2013 through and including August 12, 2013 (the "Class Period"), whether such transactions resulted

20   in a profit or a loss.  You must also provide all of the requested information with respect to *all* of the

21   shares of ECOtality common stock you held at the close of trading on April 15, 2013 and August 12,

22   2013.  Failure to report all such transactions may result in the rejection of your claim.

23   List each transaction in the Class Period separately and in chronological order, by trade date,

24   beginning with the earliest.  You must accurately provide the month, day, and year of each

25   transaction you list.

26   The date of covering a "short sale" is deemed to be the date of purchase of ECOtality

27   common stock.  The date of a "short sale" is deemed to be the date of sale of ECOtality common

28   stock.

1   Copies of broker confirmations or other documentation of your transactions in ECOtality

2   common stock should be attached to your claim.  If you do not have documentation from your

3   broker, you may also attach any documents or schedules that you attached to any federal tax return

4   that reflect Class Period purchases of ECOtality common stock or the sale of ECOtality common

5   stock.  Failure to provide this documentation could delay verification of your claim or result in

6   rejection of your claim.

7   NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of

8   transactions may request, or may be requested, to submit information regarding their transactions in

9   electronic files.  All claimants MUST submit a manually signed paper Proof of Claim whether or not

10   they also submit electronic copies.  If you wish to file your claim electronically, you must contact the

11   Claims Administrator at 1-877-217-5880 to obtain the required file layout.  No electronic files will

12   be considered to have been properly submitted unless the Claims Administrator issues to the

13   claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF CLAIM AND RELEASE - 3:13-cv-03791-SC

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*In re ECOtality, Inc. Securities Litigation*, Master File No. 3:13-cv-03791-SC

PROOF OF CLAIM AND RELEASE

Must Be Postmarked or Received No Later Than:

_____, 2015

<u>Please Type or Print</u>

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PART I: CLAIMANT IDENTIFICATION**

Last Name

M.I.   First Name

Last Name (Co-Beneficial Owner)

M.I.   First Name (Co-Beneficial Owner)

○ IRA   ○ Joint Tenancy   ○ Employee   ○ Individual   ○ Other_____
(specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number

Taxpayer Identification Number

___ — ___ — ___   or   ___ — ___

Telephone Number (Primary Daytime)

Telephone Number (Alternate)

___ — ___ — ___   ___ — ___ — ___

Email Address

**MAILING INFORMATION**

Address

Address

City                                         State   Zip Code

Foreign Province            Foreign Postal Code            Foreign Country Name/Abbreviation

PART II:        SCHEDULE OF TRANSACTIONS IN ECOTALITY COMMON STOCK

A.     Number of shares of ECOtality common stock held at the close of trading on April 15, 2013:

Proof Enclosed?
○ Y
○ N

B.     Purchases of ECOtality common stock (April 16, 2013-August 12, 2013, inclusive):

| PURCHASES | | | |
|---|---|---|---|
| Trade Date(s) of Shares (List Chronologically) | Number of Shares Purchased | Total Purchase Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Purchase Enclosed? |
| M M / D D / Y Y Y Y | | | |
| 1. __/__/____ | | $ . 0 0 | ○ Y ○ N |
| 2. __/__/____ | | $ . 0 0 | ○ Y ○ N |
| 3. __/__/____ | | $ . 0 0 | ○ Y ○ N |
| 4. __/__/____ | | $ . 0 0 | ○ Y ○ N |

IMPORTANT:  If any purchase listed above covered a "short sale," please mark yes:

○ Yes

C.     Sales of ECOtality common stock (April 16, 2013 – August 12, 2013, inclusive):

| SALES | | | |
|---|---|---|---|
| Trade Date(s) of Shares (List Chronologically) | Number of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Sales Enclosed? |
| M M / D D / Y Y Y Y | | | |
| 1. __/__/____ | | $ . 0 0 | ○ Y ○ N |
| 2. __/__/____ | | $ . 0 0 | ○ Y ○ N |
| 3. __/__/____ | | $ . 0 0 | ○ Y ○ N |
| 4. __/__/____ | | $ . 0 0 | ○ Y ○ N |

D.     Number of shares of ECOtality common stock held at the close of trading on August 12, 2013:

Proof Enclosed?
○ Y
○ N

**YOU MUST READ AND SIGN THE RELEASE ON PAGE ___. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases or sales of ECOtality common stock (other than a claim in ECOtality's bankruptcy proceedings) during the Class Period and know of no other person having done so on my (our) behalf.

**V.    RELEASE**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Persons," defined as ECOtality and each and all of the Defendants and their Related Parties. "Related Parties" means ECOtality's and each Defendant's past or present directors, officers, employees, partners, members, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, advisors, accountants or auditors, representatives, predecessors, successors, direct or indirect parents, direct or indirect subsidiaries, affiliates, divisions, joint ventures, agents, assigns, spouses, heirs, executors, estates, bankruptcy estates, administrators, related or affiliated entities, any entity in which ECOtality or a Defendant has a controlling interest, any members of any Defendant's immediate family, or any trust of which any Defendant is the settlor or which is for the benefit of any Defendant or his or her family.

2.      "Released Claims" means any and all claims, debts, demands, disputes, rights, causes of action, suits, matters, damages, or liabilities of any kind, nature, and character whatsoever

(including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any and all other costs, expenses or liabilities whatsoever), whether under federal, state, local, statutory, common law, foreign law, or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, including Unknown Claims (as defined herein), whether or not concealed or hidden (including, but not limited to, claims for securities fraud, negligence, gross negligence, professional negligence, breach of any duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, breach of contract, unjust enrichment, corporate waste, or violations of any statutes, rules, duties or regulations) that have been or could have been or in the future could be asserted in any forum, whether foreign or domestic, by Lead Plaintiff or any Class Member, or any Person claiming through or on behalf of them, against any of the Released Persons that concern, arise out of, are based on or relate in any way, directly or indirectly, to the allegations, acts, transactions, facts, events, representations, or omissions involved or alleged in the Litigation, or which could have been alleged. "Released Claims" further includes any and all claims arising out of, based upon or related to the Settlement or resolution of the Litigation, except for any alleged breaches of the Stipulation.

3.      "Unknown Claims" means, collectively, any and all claims, demands, rights, liabilities, and causes of action of every nature and description which Lead Plaintiff or any Class Member does not know or suspect to exist in his, her, or its favor at or after the time of the release of the Released Persons (pursuant to the terms of the Stipulation) which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decisions not to object to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff expressly waives and relinquishes, and each of the Class Members is hereby deemed to have waived and relinquished, and by operation of the Final Order and Judgment shall have, waived and relinquished, the provisions, rights, and benefits of California Civil Code §1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release,**

**which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff shall expressly waive and relinquish, and each of the Class Members shall be deemed to have, and by operation of the Final Order and Judgment shall have, expressly waived and relinquished, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Lead Plaintiff and/or any Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff upon the Effective Date shall expressly, fully, finally, and forever settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, whether the Released Claims are known or unknown, suspected or unsuspected, contingent or non-contingent, or concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of any additional or different facts. Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Final Order and Judgment to have acknowledged, that the foregoing waiver and inclusion of Unknown Claims in the definition of Released Claims were separately bargained for and are key elements of the Settlement of which this release is a part.

4.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in ECOtality common stock which occurred during the Class Period as well as the number of shares of ECOtality common stock held by me (us) at the close of trading on April 15, 2013 and August 12, 2013.

1    I (We) declare under penalty of perjury under the laws of the United States of America that

2    all of the foregoing information supplied on this Proof of Claim by the undersigned is true and

3    correct.

4    Executed this _____ day of _____ in _____

                             (Month/Year)                               (City/State/Country)

5    _____      _____

6    (Sign your name here)      (Sign your name here)

7    _____      _____

     (Type or print your name here)      (Type or print your name here)

8    _____      _____

9    (Capacity of person(s) signing, *e.g.*,      (Capacity of person(s) signing, *e.g.*,
     Beneficial Purchaser, Executor or Administrator)      Beneficial Purchaser, Executor or Administrator)

10   **ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
     **THANK YOU FOR YOUR PATIENCE.**

     Reminder Checklist:

11   1. Please sign the above release and declaration.      6. If you desire an acknowledgment of receipt of your claim form
     please send it Certified Mail, Return Receipt Requested.

12   2. If this Claim is being made on behalf of Joint Claimants,
     then both must sign.      7. If you move, please send your new address to the address
     below.

13   3. Remember to attach copies of supporting documentation,
     if available.      8. **Do not use red pen or highlighter** on the Proof of Claim
     and Release form or supporting documentation.

14   4. **Do not send originals of certificates.**

     5. Keep a copy of your claim form and all supporting

15   documentation for your records.

16

17   THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN _____ , 2015,
     ADDRESSED AS FOLLOWS:

18   *Ecotality Securities Litigation*
     Claims Administrator
     c/o Gilardi & Co. LLC

19   P.O. Box 990
     Corte Madera, CA  94976-0990
     www.ecotalitysecuritieslitigation.com

20

21

22

23

24

25

26

27

28

# EXHIBIT A-3

1  ROBBINS GELLER RUDMAN
   & DOWD LLP
2  CHRISTOPHER P. SEEFER (201197)
3  KENNETH J. BLACK (291871)
   Post Montgomery Center
4  One Montgomery Street, Suite 1800
   San Francisco, CA  94104
5  Telephone:  415/288-4545
   415/288-4534 (fax)
6  chriss@rgrdlaw.com
7  kennyb@rgrdlaw.com
          – and –
8  JEFFREY D. LIGHT (159515)
   655 West Broadway, Suite 1900
9  San Diego, CA  92101
   Telephone:  619/231-1058
10 619/231-7423 (fax)
11 jeffl@rgrdlaw.com

12 Lead Counsel for Plaintiffs

13                   UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15 | In re ECOTALITY, INC. SECURITIES | ) | Master File No. 3:13-cv-03791-SC |
   | LITIGATION | ) | |
16 | | ) | CLASS ACTION |
   | ——————————————————— | ) | |
17 | This Document Relates To: | ) | SUMMARY NOTICE |
   | | ) | |
18 | ALL ACTIONS. | ) | EXHIBIT A-3 |
   | | ) | |
19 | ——————————————————— | ) | |

20
21
22
23
24
25
26
27
28

978798_3

TO:     ALL PERSONS WHO PURCHASED ECOTALITY, INC. ("ECOTALITY") COMMON STOCK BEGINNING ON APRIL 16, 2013 AND THROUGH AND INCLUDING AUGUST 12, 2013, AND WERE DAMAGED THEREBY

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the Northern District of California, a hearing will be held on'Lwpg''48, 2015, at 32-22 c0m., before the Honorable Samuel Conti, United States Senior District Judge, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 1, San Francisco, CA 94102, for the purpose of determining: (1) whether the proposed Settlement of the Litigation for the sum of $1,100,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) whether the Plan of Allocation of Settlement proceeds is fair, reasonable, and adequate and therefore should be approved; (3) whether Lead Counsel's application for the payment of attorneys' fees of up to 25% of the Settlement proceeds and expenses incurred in connection with this Litigation, together with interest thereon, should be approved; (4) whether and in what amount Lead Plaintiff should be paid for his time and expenses in representing the Class; and (5) whether the Court should enter the Order Approving the Settlement and Order of Dismissal and the Judgment and dismiss the Litigation with prejudice.

If you purchased ECOtality common stock beginning on April 16, 2013 and through and including August 12, 2013, and were damaged thereby, your rights may be affected by this Litigation and the Settlement thereof.  If you have not received a detailed Notice of Proposed Settlement of Class Action and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *ECOtality Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 990, Corte Madera, CA 94976-0990, or by downloading this information at www.ecotalitysecuritieslitigation.com.  If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release form postmarked no later than Lwpg''3: , 2015, establishing that you are entitled to a recovery.  You will be bound by any judgment rendered in the Litigation unless you request to be excluded, in writing, to the above address of the Claims Administrator, postmarked by O c{''3; , 2015.

Any objection to any aspect of the Settlement must be mailed or filed with the Class Action Clerk at the United States District Court for the Northern District of California, 450 Golden Gate

Avenue, San Francisco, CA 94102 or filed in person at any location for the Northern District of California, such that it is filed on or before May 19, 2015.

**PLEASE  DO  NOT  CONTACT  THE  COURT  OR  THE  CLERK'S  OFFICE REGARDING THIS NOTICE.**

DATED: _____, 2015          BY ORDER OF THE COURT
                                       UNITED STATES DISTRICT COURT
                                       NORTHERN DISTRICT OF CALIFORNIA