ROBBINS GELLER RUDMAN
 & DOWD LLP
CHRISTOPHER P. SEEFER (201197)
KENNETH J. BLACK (291871)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
chriss@rgrdlaw.com
kennyb@rgrdlaw.com
         – and –
JEFFREY D. LIGHT (159515)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jeffl@rgrdlaw.com

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ECOTALITY, INC. SECURITIES LITIGATION | ) ) ) | Master File No. 3:13-cv-03791-SC |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | LEAD COUNSEL'S NOTICE OF MOTION AND MOTION FOR AN AWARD OF |
| ALL ACTIONS. | ) ) ) ) | ATTORNEYS' FEES AND EXPENSES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |

DATE:      August 14, 2015
TIME:      10:00 a.m.
CTRM:     The Honorable Samuel Conti

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...........................................................................................1

II.   AWARD OF ATTORNEYS' FEES ..............................................................3

      A.    A Reasonable Percentage of the Fund Recovered Is the Appropriate
            Approach to Awarding Attorneys' Fees in Common Fund Cases..........................3

      B.    A Percentage Fee of 25% of the Fund Created Is Reasonable in This Case ..........5

            1.    The Result Achieved.................................................................6

            2.    A 25% Fee Award Is Consistent With Fees Awarded in Similar
                  Complex Class Action Litigation...................................................7

            3.    The Attorneys' Fees Requested Are Fair and Reasonable in Light
                  of the Contingent Nature of the Representation ...............................8

            4.    The Risks of the Litigation and the Novelty and Difficulty of the
                  Questions Presented...............................................................10

            5.    The Skill Required and the Quality and Efficiency of the Work...............12

            6.    The Requested Fee Is Reasonable Under a Lodestar Cross-Check
                  Analysis.............................................................................13

III.  LEAD PLAINTIFF'S COUNSEL'S EXPENSES ARE REASONABLE AND
      WERE NECESSARILY INCURRED TO ACHIEVE THE BENEFIT
      OBTAINED ..............................................................................................13

IV.   CONCLUSION..........................................................................................15

1020389_1

NOTICE OF MOTION & MOTION FOR AN AWARD OF ATTORNEYS' FEES & EXPENSES AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:13-cv-03791-SC        - i -

1

# TABLE OF AUTHORITIES

2

**Page**

3

**CASES**

4

*Abrams v. Lightolier Inc.*,
50 F.3d 1204 (3d Cir. 1995)...................................................................................14

5

*Alaska Elec. Pension Fund v. Flowserve Corp.*,
572 F.3d 221 (5th Cir. 2009) ...................................................................................3

6

7

*Atlas v. Accredited Home Lenders Holding Co.*,
No. 07-CV-00488-HC (CAB), 2009 U.S. Dist. LEXIS 103035
(S.D. Cal. Nov. 4, 2009) ..........................................................................................15

8

9

*AUSA Life Ins. Co. v. Ernst & Young*,
39 Fed. Appx. 667 (2d Cir. 2002) ...........................................................................9

10

11

*Blum v. Stenson*,
465 U.S. 886 (1984)..........................................................................................4, 5, 8

12

13

*Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42*,
8 F.3d 722 (10th Cir. 1993) ...................................................................................14

14

*Camden I Condo. Ass'n v. Dunkle*,
946 F.2d 768 (11th Cir. 1991) ..................................................................................5

15

16

*Cent. R.R. & Banking Co. v. Pettus*,
113 U.S. 116 (1885)..................................................................................................4

17

18

*Churchill Vill., L.L.C. v. GE*,
361 F.3d 566 (9th Cir. 2004) .................................................................................10

19

*Florin v. Nationsbank, N.A.*,
34 F.3d 560 (7th Cir. 1994) ......................................................................................5

20

21

*Goldstein v. MCI WorldCom*,
340 F.3d 238 (5th Cir. 2003) .................................................................................11

22

23

*Gottlieb v. Barry*,
43 F.3d 474 (10th Cir. 1994) ....................................................................................5

24

*Harris v. Marhoefer*,
24 F.3d 16 (9th Cir. 1994) ......................................................................................13

25

26

*Hensley v. Eckerhart*,
461 U.S. 424 (1983)..................................................................................................6

27

28

NOTICE OF MOTION & MOTION FOR AN AWARD OF ATTORNEYS' FEES & EXPENSES AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:13-cv-03791-SC

1

2                                                                                      **Page**

3

4    *IBEW Local 697 Pension Fund v. Int'l Game Tech., Inc.*,
        No. 3:09-cv-00419-MMD-WGC, 2012 U.S. Dist. LEXIS 151498
5       (D. Nev. Oct. 19, 2012).................................................................................15

6    *In re Activision Sec. Litig.*,
        723 F. Supp. 1373 (N.D. Cal. 1989) .........................................................5
7
     *In re Alstom SA Sec. Litig.*,
8       741 F. Supp. 2d 469 (S.D.N.Y. 2010).......................................................9

9    *In re Am. Int'l Grp., Inc. Sec. Litig.*,
        No. 04 Civ. 8141 (DAB), 2010 U.S. Dist. LEXIS 129196
10      (S.D.N.Y. Dec. 2, 2010)...........................................................................15

11   *In re Apollo Group, Inc. Sec. Litig.*,
        No. CV 04-2147-PHX-JAT, 2008 U.S. Dist. LEXIS 61995
12      (D. Ariz. Aug. 4, 2008), *rev'd*, No. 08-16971,
        2010 U.S. App. LEXIS 14478 (9th Cir. 2010) ..........................................9
13
     *In re Bluetooth Headset Prods. Liab. Litig.*,
14      654 F.3d 935 (9th Cir. 2011) .....................................................................5
15
     *In re Equity Funding Corp. Sec. Litig.*,
16      438 F. Supp. 1303 (C.D. Cal. 1977) .........................................................12

17   *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
        55 F.3d 768 (3d Cir. 1995).........................................................................4
18
     *In re Heritage Bond Litig.*,
19      No. 02-ML-1475-DT, 2005 U.S. Dist. LEXIS 13627
        (C.D. Cal. June 10, 2005) .....................................................................6, 12
20
     *In re Ikon Office Solutions, Inc., Sec. Litig.*,
21      194 F.R.D. 166 (E.D. Pa. 2000)............................................................8, 11
22
     *In re JDS Uniphase Corp. Sec. Litig.*,
23      No. C-02-1486 CW (EDL), 2007 WL 4788556
        (N.D. Cal. Nov. 27, 2007).........................................................................9
24
     *In re King Res. Co. Sec. Litig.*,
25      420 F. Supp. 610 (D. Colo. 1976)............................................................10
26
     *In re LDK Solar Sec. Litig.*,
27      No. C 07-5182 WHA, 2010 U.S. Dist. LEXIS 87168
        (N.D. Cal. July 29, 2010)..........................................................................15
28

1

2                                                                                                   **Page**

3

*In re M.D.C. Holdings Sec. Litig.*,
4   No. CV 89-0090 E (M), 1990 U.S. Dist. LEXIS 15488
    (S.D. Cal. Aug. 30, 1990) ................................................................................................8
5

6   *In re Marsh & McLennan Cos., Inc. Sec. Litig.*,
    No. 04 Civ. 8144(CM), 2009 U.S. Dist. LEXIS 120953
7   (S.D.N.Y. Dec. 23, 2009)................................................................................................15

8   *In re Omnivision Techs., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2007) ................................................................ *passim*
9

*In re Oracle Corp. Sec. Litig.*,
10  No. C 01-00988 SI, 2009 U.S. Dist. LEXIS 50995
    (N.D. Cal. June 16, 2009), *aff'd*, 627 F.3d 376 (9th Cir. 2010)......................................9
11

12  *In re Prudential-Bache Energy Income P'ships Sec. Litig.*,
    No. 888, 1994 U.S. Dist. LEXIS 6621 (E.D. La. May 18, 1994)......................................8
13

*In re Thirteen Appeals Arising out of the San Juan Dupont*
14  *Plaza Hotel Fire Litig.*,
    56 F.3d 295 (1st Cir. 1995)..............................................................................................4
15

16  *In re Warner Commc'ns Sec. Litig.*,
    618 F. Supp. 735 (S.D.N.Y. 1985),
17  *aff'd*, 798 F.2d 35 (2d Cir. 1986) ..................................................................................12

18  *In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
    19 F.3d 1291 (9th Cir. 1994) ..............................................................................4, 5, 10
19

*In re Xcel Energy, Inc.*,
20  364 F. Supp. 2d 980 (D. Minn. 2005)...........................................................................7, 10

21  *Johnston v. Comerica Mortg. Corp.*,
    83 F.3d 241 (8th Cir. 1996) ..............................................................................................5
22

23  *Morrison v. Nat'l Austl. Bank Ltd.*,
    561 U.S. 247 (2010)...........................................................................................................9
24

*Paul, Johnson, Alston & Hunt v. Graulty*,
25  886 F.2d 268 (9th Cir. 1989) ........................................................................................4, 5

26  *Powers v. Eichen*,
    229 F.3d 1249 (9th Cir. 2000) ..........................................................................................5
27

28

NOTICE OF MOTION & MOTION FOR AN AWARD OF ATTORNEYS' FEES & EXPENSES AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:13-cv-03791-SC          - iv -

1

2                                                                                                    **Page**

3

*Rawlings v. Prudential-Bache Props.*,
4    9 F.3d 513 (6th Cir. 1993) .............................................................................4

5 *Six Mexican Workers v. Ariz. Citrus Growers*,
    904 F.2d 1301 (9th Cir. 1990) ...................................................................4
6

7 *Sutton v. Bernard*,
    504 F.3d 688 (7th Cir. 2007) .....................................................................9
8

9 *Swedish Hosp. Corp. v. Shalala*,
    1 F.3d 1261 (D.C. Cir. 1993) ....................................................................5

10 *Torrisi v. Tucson Elec. Power Co.*,
    8 F.3d 1370 (9th Cir. 1993) ..................................................................4, 5
11

12 *Trustees v. Greenough*,
    105 U.S. 527 (1882) ..................................................................................4
13

14 *Vincent v. Hughes Air W., Inc.*,
    557 F.2d 759 (9th Cir. 1977) .....................................................................4

15 *Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) .....................................................4, 7, 10, 13
16

17 *Winkler v. NRD Mining, Ltd.*,
    198 F.R.D. 355 (E.D.N.Y.), *aff'd sub nom.*
18    *Winkler v. Wigley*, 242 F.3d 369 (2d Cir. 2000) .......................................9

19 **STATUTES, RULES AND REGULATIONS**

20 15 U.S.C.
    §78u-4(a)(4) .............................................................................................14
21

22 Federal Rules of Civil Procedure
    Rule 1 .......................................................................................................7

23 **SECONDARY AUTHORITIES**

24
  Charles Silver, *Class Actions in the Gulf South Symposium: Due Process*
25 *and the Lodestar Method: You Can't Get There from Here*,
    74 Tul. L. Rev. 1809 (June 2000) .............................................................5
26

27 Dr. Renzo Comolli and Svetlana Starykh, *Recent Trends*
 *in Securities Class Action Litigation: 2014 Full-Year Review*
28 (NERA Jan. 20, 2015)................................................................................7

1020389_1

NOTICE OF MOTION & MOTION FOR AN AWARD OF ATTORNEYS' FEES & EXPENSES AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:13-cv-03791-SC    - v -

1

2                                                                                          **Page**

3

4   Dr. Renzo Comolli, Sukaina Klein, Dr. Ronald I. Miller &
    Svetlana Starykh, *Recent Trends in Securities Class Action Litigation:*
5   *2012 Full-Year Review* (NERA Jan. 29, 2013)..............................................................11

6   Thomas E. Willging, Laural L. Hooper & Robert J. Niemic, *Empirical*
    *Study of Class Actions in Four Federal District Courts: Final Report to*
7   *the Advisory Committee on Civil Rules* (Federal Judicial Center 1996)........................8

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION & MOTION FOR AN AWARD OF ATTORNEYS' FEES & EXPENSES AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:13-cv-03791-SC          - vi -

TO:     ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on August 14, 2015, at 10:00 a.m., or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable Samuel Conti, United States Senior District Judge, Northern District of California, at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, Lead Counsel will and hereby move for an order approving this motion for an award of attorneys' fees and expenses.  This motion is based on the following Memorandum in support thereof; the Declaration of Christopher P. Seefer in Support of Lead Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("Seefer Decl."), which was previously filed with the Court; the Declaration of Lead Plaintiff Joseph W. Vale ("Vale Decl."); the Declaration of Carole K. Sylvester Re A) Mailing of the Notice of Proposed Settlement of Class Action and the Proof of Claim and Release Form, B) Publication of the Summary Notice, and C) Internet Posting ("Sylvester Decl."); the Declaration of Christopher P. Seefer Filed on Behalf of Robbins Geller Rudman & Dowd LLP in Support of Application for Award of Attorneys' Fees and Expenses ("Lead Counsel's Fee Decl."); the Declaration of Amber L. Eck Filed on Behalf of Zeldes Haeggquist & Eck, LLP in Support of Application for Award of Attorneys' Fees and Expenses ("Zeldes Fee Decl."); the Stipulation of Settlement dated as of December 22, 2014 ("Stipulation" or "Settlement");[1] all other pleadings and matters of record, and such additional evidence or argument as may be presented before or at the hearing.

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

This is a securities class action on behalf of all purchasers of the common stock of ECOtality, Inc. ("ECOtality" or the "Company") between April 16, 2013 and August 12, 2013, inclusive, for violations of the federal securities laws against Defendants H. Ravi Brar, Susie Herrmann, Enrique Santacana, Kevin Cameron and Andrew Tang.[2]  As a result of Lead Counsel's litigation efforts, a

---

[1]   Unless otherwise defined herein, capitalized terms shall have the same meanings as set forth in the Stipulation.

[2]   ECOtality was not named as a defendant in the Complaint in light of the Company's bankruptcy filing.  Dkt. No. 46.

settlement that provides for the payment of $1.1 million in cash (plus accrued interest) for the benefit of the Class has been achieved.  The immediate and certain recovery obtained for the Class was achieved through the skill, work, and tenacity of Lead Counsel.  The Settlement is a favorable result, especially considering that the Court granted Defendants' motion to dismiss and ECOtality filed for bankruptcy protection after the litigation was filed in September 2013 and no longer exists as a company.  As compensation for their efforts in achieving this result, Lead Counsel seek an award of attorneys' fees of 25% of the Settlement Fund, plus expenses incurred in the prosecution of the Litigation in the amount of $38,943.48, plus interest at the same rate and for the same period of time as that earned by the Settlement Fund until paid.  Lead Counsel's efforts have been without compensation of any kind and the fee has been wholly contingent upon the result achieved.

The requested fee of 25% of the Settlement Fund is the benchmark fee in the Ninth Circuit and is well within the range of percentages awarded in class actions in this Circuit and District as well as courts across the country and is the appropriate method of compensating counsel.  The amount requested is warranted here in light of the recovery obtained for the Class under difficult and challenging circumstances, the efforts of counsel in obtaining this highly favorable result, and the significant risks in bringing and prosecuting this Litigation.  As described in more detail in the Seefer Declaration, this Litigation has been vigorously prosecuted since its commencement in August 2013.  *See* Seefer Decl., ¶4.  In total, Lead Plaintiff's counsel and their paraprofessionals spent over 1,500 hours in prosecuting this Litigation with a resulting lodestar of $800,836.75.  As a result, the requested fee of 25% of the Settlement Fund or $275,000, represents a significant discount of counsel's lodestar, resulting in a negative multiplier.  Importantly, the Lead Plaintiff, who was actively involved in the Litigation, "support[s] an award of attorneys' fees in this action of 25% for Lead Counsel as fair and reasonable in light of the result obtained and the complexity of the prosecution of this action."  Vale Decl., ¶7.

This Litigation was prosecuted under the provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA") and, therefore, was extremely risky and difficult from the outset.  The effect of the PSLRA is to make it harder for investors to bring and successfully conclude securities class actions.  Lead Counsel and Lead Plaintiff were mindful of the fact that in this post-

1020389_1

NOTICE OF MOTION & MOTION FOR AN AWARD OF ATTORNEYS' FEES & EXPENSES AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:13-cv-03791-SC        - 2 -

1    PSLRA environment, a greater percentage of cases are being dismissed than ever before, amid

2    defendants' constant attempts to push the envelope and contents of the PSLRA.  As retired Supreme

3    Court Justice Sandra Day O'Connor recognized:  "To be successful, a securities class-action plaintiff

4    must thread the eye of a needle made smaller and smaller over the years by judicial decree and

5    congressional action."  *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 235 (5th Cir.

6    2009).  Absent this Settlement, continued litigation through Defendants' motion to dismiss after

7    Lead Plaintiff filed an amended complaint, discovery, class certification, summary judgment, trial,

8    and appeals would have likely have taken several more years at considerable expense without the

9    Class receiving the benefits of the Settlement, thus creating the very real risk that the Class would

10   ultimately receive less or even no recovery.

11          Lead Counsel undertook the representation of the Class on a contingent fee basis and no

12   payment has been made to date for their services or for the litigation expenses they have incurred on

13   behalf of the Class since the inception of the case.  Lead Counsel believe that the Settlement is the

14   result of their diligent efforts, as well as their reputations as attorneys who are unwavering in their

15   dedication to the interests of the class and unafraid to zealously prosecute a meritorious case through

16   trial and subsequent appeals.  In a case asserting claims based on complex legal and factual issues

17   which were vigorously opposed by highly skilled and experienced defense counsel, Lead Counsel

18   succeeded in securing a favorable result for the Class under difficult and challenging circumstances.

19          As discussed herein, the requested fee is fair and reasonable when considered under the

20   applicable standards in the Ninth Circuit and is within the range of awards in class actions in this

21   Circuit and courts nationwide.  Moreover, the expenses requested are reasonable in amount and were

22   necessarily incurred for the successful prosecution of this Litigation.

23   II.    **AWARD OF ATTORNEYS' FEES**

24          A.    **A Reasonable Percentage of the Fund Recovered Is the Appropriate**
                 **Approach to Awarding Attorneys' Fees in Common Fund Cases**
25

26          For their efforts in creating a common fund for the benefit of the Class, Lead Counsel seek as

27   attorneys' fees a reasonable percentage of the fund recovered for the Class.  In recent years, the

28   percentage-of-recovery method has become the prevailing method for awarding fees in common

1020389_1

NOTICE OF MOTION & MOTION FOR AN AWARD OF ATTORNEYS' FEES & EXPENSES AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:13-cv-03791-SC          - 3 -

fund cases in this Circuit and throughout the United States.  A percentage fee is desirable because it most fairly correlates the compensation of counsel to the benefit conferred upon the class.

It has long been recognized in equity that "a private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees." *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977).  The purpose of this doctrine is to avoid unjust enrichment so that "those who benefit from the creation of the fund should share the wealth with the lawyers whose skill and effort helped create it." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994)  ("*WPPSS*").  This rule, known as the common fund doctrine, is firmly rooted in American case law.  *See, e.g.*, *Trustees v. Greenough*, 105 U.S. 527, 532-37 (1882); *Cent. R.R. & Banking Co. v. Pettus*, 113 U.S. 116, 123 (1885).  As the Ninth Circuit explained in *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268 (9th Cir. 1989):

> Since the Supreme Court's 1885 decision in [*Cent. R.R. & Banking Co. v. Pettus*, 113 U.S. 116 (1885)], it is well settled that the lawyer who creates a common fund is allowed an ***extra*** reward, beyond that which he has arranged with his client, so that he might share the wealth of those upon whom he has conferred a benefit.  The amount of such a reward is that which is deemed "reasonable" under the circumstances.

*Id*. at 271 (emphasis in original; citations omitted).

In *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984), the Supreme Court recognized that under the "common fund doctrine" a reasonable fee may be based "on a percentage of the fund bestowed on the class."  In this Circuit, the district court has discretion to award fees in common fund cases based on either the "lodestar/multiplier" method or the percentage-of-the-fund method.  *WPPSS*, 19 F.3d at 1295-96.  In *Paul, Johnson*, 886 F.2d at 272, *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990), *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993), and *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002), the Ninth Circuit expressly approved the use of the percentage method in common fund cases.  Supporting authority for the percentage method in other circuits and by commentators is overwhelming.[3]

---

[3]  *See, e.g.*, *In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 307 (1st Cir. 1995); *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 821-22 (3d Cir. 1995); *Rawlings v. Prudential-Bache Props.*, 9 F.3d 513, 515-17 (6th Cir. 1993);

1020389_1

NOTICE OF MOTION & MOTION FOR AN AWARD OF ATTORNEYS' FEES & EXPENSES AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:13-cv-03791-SC        - 4 -

1    Since *Paul, Johnson* and its progeny, Ninth Circuit courts have been virtually unanimous in

2    adopting the percentage method of awarding fees in representative actions.  Compensating counsel

3    in common fund cases on a percentage basis makes good sense.  First, it is consistent with the

4    practice in the private marketplace where contingent fee attorneys are customarily compensated by a

5    percentage of the recovery.  Second, it more closely aligns the lawyers' interest in being paid a fair

6    fee with the interest of the class in achieving the maximum possible recovery in the shortest amount

7    of time.  Indeed, one of the nation's leading scholars in the field of class actions and attorneys' fees,

8    Professor Charles Silver of the University of Texas School of Law, has concluded that the

9    percentage method of awarding fees is the only method of fee awards that is consistent with class

10   members' due process rights.  Charles Silver, *Class Actions in the Gulf South Symposium: Due*

11   *Process and the Lodestar Method: You Can't Get There from Here*, 74 Tul. L. Rev. 1809, 1819-20

12   (June 2000).  Third, use of the percentage method decreases the burden imposed on the court by

13   eliminating the detailed and time consuming lodestar analysis while assuring that the beneficiaries

14   do not experience undue delay in receiving their share of the settlement.  *See In re Activision Sec.*

15   *Litig.*, 723 F. Supp. 1373, 1375 (N.D. Cal. 1989).

16   **B.      A Percentage Fee of 25% of the Fund Created Is Reasonable in This Case**

17   In *Paul, Johnson*, 886 F.2d at 272, the Ninth Circuit established 25% of a common fund as

18   the "benchmark" award for attorneys' fees.  *See also Torrisi*, 8 F.3d at 1376 (reaffirming 25%

19   benchmark); *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000) (same); *In re Bluetooth Headset*

20   *Prods. Liab. Litig.*, 654 F.3d 935, 943 (9th Cir. 2011) (reaffirming 25% benchmark in a common

21   fund case).  The guiding principle in this Circuit is that a fee award be "'reasonable under the

22   circumstances.'"  *WPPSS*, 19 F.3d at 1296 (citation and emphasis omitted).  "The Ninth Circuit has

23

24   *Florin v. Nationsbank, N.A.*, 34 F.3d 560, 564-65 (7th Cir. 1994); *Johnston v. Comerica Mortg.*
     *Corp.*, 83 F.3d 241, 246 (8th Cir. 1996); *WPPSS*, 19 F.3d at 1296; *Gottlieb v. Barry*, 43 F.3d 474,

25   487 (10th Cir. 1994) (authorizing percentage approach and holding that use of lodestar/multiplier
     method was abuse of discretion); *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 774 (11th Cir.

26   1991) ("After reviewing *Blum*, the [Third Circuit] Task Force Report, and . . . cases from other
     circuits, we believe that the percentage of the fund approach is the better reasoned in a common fund

27   case."); *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1271 (D.C. Cir. 1993) (percentage of the fund
     recovered is the only permissible measure of awarding fees in common fund cases).

28

NOTICE OF MOTION & MOTION FOR AN AWARD OF ATTORNEYS' FEES & EXPENSES AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:13-cv-03791-SC          - 5 -

1 approved a number of factors which may be relevant to the district court's determination: (1) the

2 results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the

3 contingent nature of the fee and the financial burden carried by plaintiffs; and (5) awards made in

4 similar cases." *In re Omnivision Techs., Inc*., 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2007).  In view

5 of the risks in pursuing this Litigation, the highly favorable result obtained, the financial

6 commitment of Lead Counsel, the contingent nature of the representation, and the skill of Lead

7 Counsel, an award of 25% of the recovery obtained for the Class is entirely appropriate.

8                    **1.       The Result Achieved**

9            "Courts have consistently recognized that the result achieved is a major factor to be

10 considered in making a fee award." *In re Heritage Bond Litig.*, No. 02-ML-1475-DT (RCx), 2005

11 U.S. Dist. LEXIS 13627, at *27 (C.D. Cal. June 10, 2005) (citing *Hensley v. Eckerhart*, 461 U.S.

12 424, 436 (1983)).  In this Litigation, an immediate and certain recovery of $1,100,000 in cash for the

13 Class has been obtained solely through the efforts of Lead Counsel without the expense, delay, risk,

14 and uncertainty of continued litigation or the assistance of any regulatory or governmental agency.

15 As detailed in the Settlement Brief and the Seefer Declaration, Lead Counsel secured a certain and

16 immediate recovery for the benefit of the Class considering the legal and factual road blocks to

17 obtaining a more favorable outcome if litigation continued, including the fact that the Court granted

18 Defendants' motion to dismiss Lead Plaintiff's claims in its September 16, 2014 order.  As a result

19 of the Settlement, Class Members will receive compensation for their losses now and avoid the risk,

20 expense, and delay of continued litigation.

21            While Lead Plaintiff believes that his claims have substantial merit, if litigation were to

22 continue there is, nonetheless, a significant risk that the Court would find an amended complaint did

23 not cure any of the deficiencies noted in its September 16, 2014 order, resulting in no recovery for

24 the Class.  Throughout the Litigation, Defendants have consistently maintained that they would be

25 absolved of any liability and would have continued to vigorously defend this Litigation in an effort

26 to defeat Lead Plaintiff's claims.  Importantly, even if Lead Plaintiff got past the pleading stage,

27 prevailed at summary judgment, trial, and survived post-trial motions and appeals, it is highly

28 uncertain that Lead Plaintiff would be able to collect on any judgment based on ECOtality's

1020389_1

NOTICE OF MOTION & MOTION FOR AN AWARD OF ATTORNEYS' FEES & EXPENSES AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:13-cv-03791-SC          - 6 -

1   bankruptcy, the amount of Directors and Officers insurance that would be available considering the

2   ongoing costs of litigation and the difficulty in collecting on any favorable judgment from the

3   individual defendants years down the road, even if they had the resources to pay the judgment.

4          The Settlement will provide Class Members compensation for their losses in ECOtality stock

5   now and avoid the substantial expense, delay, and uncertainty of continued litigation.  Indeed, early

6   settlements are encouraged by courts and are consistent with the purposes of the Federal Rules of

7   Civil Procedure, which "'shall be construed and administered to ensure the *just, speedy, and*

8   *inexpensive determination* of every action.'"  *In re Xcel Energy, Inc.*, 364 F. Supp. 2d 980, 992 (D.

9   Minn. 2005) (quoting Fed. R. Civ. P. 1) (emphasis in original).  The $1.1 million recovery for the

10   Class supports the requested fee award.

            **2.**      **A 25% Fee Award Is Consistent With Fees Awarded in Similar**
11                    **Complex Class Action Litigation**

12          Courts often look to fees awarded in comparable cases to determine if the fee requested is

13   reasonable.  *See Vizcaino*, 290 F.3d at 1050 n.4.  As demonstrated by the decisions cited in

14   Appendix A attached hereto, fees of 25% or more have been awarded by courts in this Circuit and

15   District and in numerous other courts throughout the country.  As discussed above, the requested fee

16   is the benchmark fee in the Ninth Circuit, however, as this Court recognized, "in most common fund

17   cases, the award exceeds [the] benchmark."  *Omnivision*, 559 F. Supp. 2d at 1047.

18          The requested fee is less than the median fee award for securities cases based on an analysis

19   of fee awards in class actions by National Economic Research Associates ("NERA"), an economics

20   consulting firm.  Using data from securities class actions from 1996 through 2014, the study found

21   that for settlements of less than $5 million, where this Settlement falls, the median fee award was

22   33.3% of the settlement amount for settlements between 1996-2014 and 30% of the settlement

23   amount for settlements between 2012-2014.  Dr. Renzo Comolli and Svetlana Starykh, *Recent*

24   *Trends in Securities Class Action Litigation: 2014 Full-Year Review*, at 34 (NERA Jan. 20, 2015)

25   (Figure 29).  Similarly, the Federal Judicial Center conducted a study released in 1996, which

26   covered all class actions in four selected district courts with a high number of class actions, including

27   the Northern District of California, found that as to the size of attorneys' fees: "Median rates ranged

28

from 27% to 30%."  Thomas E. Willging, Laural L. Hooper & Robert J. Niemic, *Empirical Study of Class Actions in Four Federal District Courts:  Final Report to the Advisory Committee on Civil Rules*, at 69 (Federal Judicial Center 1996).

Moreover, if this were a non-representative litigation, the customary fee arrangement would be contingent, on a percentage basis, and in the range of 30% to 40% of the recovery.  The Supreme Court in *Blum* stated:

> "In tort suits, an attorney might receive one-third of whatever amount the plaintiff recovers.  In those cases, therefore, the fee is directly proportional to the recovery."

465 U.S. at 903* (citation omitted); *In re Ikon Office Solutions, Inc., Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000) ("in private contingency fee cases, particularly in tort matters, plaintiffs' counsel routinely negotiate agreements providing for between thirty and forty percent of any recovery"); *In re M.D.C. Holdings Sec. Litig.*, No. CV 89-0090 E (M), 1990 U.S. Dist. LEXIS 15488, at *22 (S.D. Cal. Aug. 30, 1990) ("In private contingent litigation, fee contracts have traditionally ranged between 30% and 40% of the total recovery.").

### 3.     The Attorneys' Fees Requested Are Fair and Reasonable in Light of the Contingent Nature of the Representation

Lead Counsel undertook representation of Lead Plaintiff and the Class on a contingent fee basis, assuming a significant risk that the Litigation would yield no recovery and leave them uncompensated.  Unlike counsel for Defendants, who are paid an hourly rate and paid for their expenses on a regular basis, Lead Counsel have not been compensated for any time or expense since this case began.  Courts have consistently recognized that the risk of receiving little or no recovery is a major factor in considering an award of attorneys' fees.  For example, in awarding counsel's attorneys' fees in *In re Prudential-Bache Energy Income P'ships Sec. Litig.*, No. 888, 1994 U.S. Dist. LEXIS 6621, at *16 (E.D. La. May 18, 1994), the court noted the risks that plaintiffs' counsel had taken:

> Although today it might appear that risk was not great based on Prudential Securities' global settlement with the Securities and Exchange Commission, such was not the case when the action was commenced and throughout most of the litigation.  Counsel's contingent fee risk is an important factor in determining the fee award.  Success is never guaranteed and counsel faced serious risks since both trial and judicial review are unpredictable.  Counsel advanced all of the costs of litigation, a not insubstantial amount, and bore the additional risk of unsuccessful prosecution.

1020389_1

NOTICE OF MOTION & MOTION FOR AN AWARD OF ATTORNEYS' FEES & EXPENSES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:13-cv-03791-SC          - 8 -

1    The Seventh Circuit confirmed that the risk of loss is real and should be considered in a motion for

2    attorneys' fees.  It reversed the district court's order that had rejected counsel's contention that

3    lawyers faced the risk of nonpayment.  *Sutton v. Bernard*, 504 F.3d 688, 694 (7th Cir. 2007).

4          While securities cases have always been complex and difficult to prosecute, the PSLRA has

5    only increased the difficulty in successfully prosecuting a securities class action.  Indeed, the risk of

6    no recovery in complex cases of this type is very real.  There are numerous cases where plaintiffs'

7    counsel in contingent cases such as this, after the expenditure of thousands of hours, have received

8    no compensation.  Lead Counsel are aware of many hard-fought lawsuits where, because of the

9    discovery of facts unknown when the case was commenced, or changes in the law during the

10   pendency of the case, or a decision of a judge or jury following a trial on the merits, excellent

11   professional efforts of members of the plaintiffs' bar produced no fee for counsel.

12         For example, in *In re Oracle Corp. Sec. Litig.*, No. C 01-00988 SI, 2009 U.S. Dist. LEXIS

13   50995 (N.D. Cal. June 16, 2009), *aff'd*, 627 F.3d 376 (9th Cir. 2010), a case that Lead Counsel

14   prosecuted, the court granted summary judgment to defendants after eight years of litigation, and

15   after plaintiff's counsel incurred over $7 million in expenses, and worked over 100,000 hours,

16   representing a lodestar of approximately $40 million.  In a case against JDS Uniphase Corporation,

17   after a lengthy trial involving securities claims, the jury reached a verdict in defendants' favor.  *See*

18   *In re JDS Uniphase Corp. Sec. Litig.*, No. C-02-1486 CW (EDL), 2007 WL 4788556 (N.D. Cal.

19   Nov. 27, 2007).  Similarly, even the most promising multi-hundred million dollar case can be

20   eviscerated by a sudden change in the law after years of litigation.  *See, e.g.*, *In re Alstom SA Sec.*

21   *Litig.*, 741 F. Supp. 2d 469, 471-73 (S.D.N.Y. 2010) (after completing extensive foreign discovery,

22   95% of plaintiffs' damages were eliminated by the Supreme Court's reversal of some 40 years of

23   unbroken circuit court precedents in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010)).[4]

24   While the Ninth Circuit reversed the decision, the court in *In re Apollo Group, Inc. Sec. Litig.*, No.

25   CV 04-2147-PHX-JAT, 2008 U.S. Dist. LEXIS 61995 (D. Ariz. Aug. 4, 2008), *rev'd*, No. 08-16971,

---

26   [4]   *See also AUSA Life Ins. Co. v. Ernst & Young*, 39 Fed. Appx. 667 (2d Cir. 2002) (affirming
     district court's dismissal after a full bench trial and earlier appeal and remand); *Winkler v. NRD*
27   *Mining, Ltd.*, 198 F.R.D. 355 (E.D.N.Y.) (granting defendants' motion for judgment as a matter of
     law after jury verdict for plaintiffs), *aff'd sub nom. Winkler v. Wigley*, 242 F.3d 369 (2d Cir. 2000).
28

1020389_1

NOTICE OF MOTION & MOTION FOR AN AWARD OF ATTORNEYS' FEES & EXPENSES AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:13-cv-03791-SC        - 9 -

2010 U.S. App. LEXIS 14478 (9th Cir. 2010), on a motion for judgment as a matter of law, overturned a jury verdict of $277 million in favor of shareholders based on insufficient evidence presented at trial to establish loss causation.  Indeed, "[p]recedent is replete with situations in which attorneys representing a class have devoted substantial resources in terms of time and advanced costs yet have lost the case despite their advocacy."  *Xcel*, 364 F. Supp. 2d at 994.

Because the fee in this matter was entirely contingent, the only certainties were that there would be no fee without a successful result and that such a result would be realized only after considerable and difficult effort.  Lead Counsel committed significant resources of both time and money to the vigorous prosecution of this Litigation for the benefit of the Class.  The contingent nature of counsel's representation strongly favors approval of the requested fee.

**4.    The Risks of the Litigation and the Novelty and Difficulty of the Questions Presented**

Numerous cases have recognized that risk as well as the novelty and difficulty of the issues presented are important factors in determining a fee award.  *E.g.*, *Vizcaino*, 290 F.3d at 1048; *WPPSS*, 19 F.3d at 1299-1301.  Uncertainty that an ultimate recovery would be obtained is highly relevant in determining risk.  *WPPSS*, 19 F.3d at 1300.  As the court aptly observed in *In re King Res. Co. Sec. Litig.*, 420 F. Supp. 610 (D. Colo. 1976):

> The litigation also involved unique and substantial issues of law in the technical area of SEC Rule 10b-5, . . . difficult, complex and oft-disputed class action questions, and difficult questions regarding computation of damages. . . .
>
> In evaluating the services rendered in this case, appropriate consideration must be given to the risks assumed by plaintiffs' counsel in undertaking the litigation.  The prospects of success were by no means certain at the outset, and indeed, the chances of success were highly speculative and problematical.

*Id.* at 632, 636-37.

There is no question that from the outset, this Litigation presented a number of sharply contested issues of both fact and law and that Lead Plaintiff faced formidable defenses to liability and damages.  Throughout the Litigation, Defendants have adamantly denied liability and asserted that they had absolute defenses to Lead Plaintiff's claims.  *See Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 576 (9th Cir. 2004) (concluding that the district court properly weighed risk when it concluded defendant's belief that it had a strong case on the merits supporting finding of risk).

1020389_1

NOTICE OF MOTION & MOTION FOR AN AWARD OF ATTORNEYS' FEES & EXPENSES AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:13-cv-03791-SC    - 10 -

1    As discussed in the Seefer Declaration and the Settlement Brief, substantial risks and
2    uncertainties in this type of litigation, and in this case in particular, made it far from certain that a
3    recovery would ultimately be obtained.  From the outset, this post-PSLRA action was an especially
4    difficult and highly uncertain securities case, with no assurance whatsoever that the Litigation would
5    survive Defendants' attacks on the pleadings, motion for summary judgment, trial, and appeal.
6    Indeed, courts have recognized that "securities actions have become more difficult from a plaintiff's
7    perspective in the wake of the PSLRA." *Ikon*, 194 F.R.D. at 194.

8    The application of the PSLRA to this Litigation posed significant risks to Lead Plaintiff's
9    ability to survive Defendants' motions to dismiss.  In fact, after Congress passed the PSLRA, courts
10   in this Circuit and across the country have dismissed cases at the pleading stage in response to
11   defendants' arguments that the complaints do not meet the PSLRA's heightened pleading standards
12   making it clear that the risk of no recovery (and hence no fee) has increased exponentially.  *See*
13   *Goldstein v. MCI WorldCom*, 340 F.3d 238, 241 (5th Cir. 2003) (affirming dismissal of securities
14   fraud action against Bernard Ebbers and WorldCom even though Ebbers was later convicted
15   criminally).  A study of securities class actions filed and resolved between January 2000 and
16   December 2012, found that 42% of 2012 cases filed in the Ninth Circuit were dismissed in
17   defendants' favor. *See* Dr. Renzo Comolli, Sukaina Klein, Dr. Ronald I. Miller & Svetlana Starykh,
18   *Recent Trends in Securities Class Action Litigation:  2012 Full-Year Review*, at 18 (Figure 16)
19   (NERA Jan. 29, 2013).

20   From the outset, Lead Plaintiff faced the risk of dismissal at the pleading stage in this
21   Litigation.  Indeed, after extensive briefing on Defendants' motion to dismiss, Lead Plaintiff's
22   claims were dismissed by the Court.  The Court dismissed, with leave to amend, Lead Plaintiff's
23   claims based on statements that ECOtality was on track to complete the EV Project because falsity
24   and scienter were not adequately alleged.  The Court also dismissed with prejudice Lead Plaintiff's
25   claims based on Defendants' statements regarding predictions about the release date of the Minit-
26   Charger 12 and ECOtality's transition away from the EV Project.  In addition, the Court dismissed
27   with prejudice Lead Plaintiff's claims under the Securities Act of 1933.  The Settlement was
28

1020389_1

NOTICE OF MOTION & MOTION FOR AN AWARD OF ATTORNEYS' FEES & EXPENSES AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:13-cv-03791-SC        - 11 -

1    negotiated after this Court's order granting Defendants' motion to dismiss while Lead Counsel

2    continued their investigation and drafted an amended complaint.

3           There is no question that absent settlement, Lead Counsel in this case faced the substantial

4    risk of years of additional litigation with no guarantee of any compensation, even if they prevailed

5    on the merits.  As a result, the requested fee is fully justified.

6                   **5.      The Skill Required and the Quality and Efficiency of the Work**

7           The "'prosecution and management of a complex national class action requires unique legal

8    skills and abilities.'"  *Heritage Bond*, 2005 U.S. Dist. LEXIS 13627, at *39 (citation omitted).  Lead

9    Counsel is a nationally known leader in the fields of securities class actions and complex litigation.

10   *See* www.rgrdlaw.com.  As this Court recognized, "[t]his is particularly true in securities cases

11   because the Private Securities Litigation Reform Act makes it much more difficult for securities

12   plaintiffs to get past a motion to dismiss."  *Omnivision*, 559 F. Supp. 2d at 1047.  The recovery

13   obtained for the Class is the direct result of the efforts of highly skilled and specialized attorneys

14   who possess substantial experience in the prosecution of complex securities class actions.  Lead

15   Counsel's reputation as attorneys who will zealously carry a meritorious case through the trial and

16   appellate levels as well as their demonstrable ability to vigorously develop the evidence in this

17   Litigation, despite the stay of discovery mandated by the PSLRA, enabled them to negotiate the

18   favorable recovery for the benefit of the Class.

19          The quality and vigor of opposing counsel is also important when the court evaluates the

20   services rendered by plaintiffs' counsel.  *See, e.g.*, *In re Warner Commc'ns Sec. Litig.*, 618 F. Supp.

21   735, 749 (S.D.N.Y. 1985), *aff'd*, 798 F.2d 35 (2d Cir. 1986) ("The quality of opposing counsel is

22   also important in evaluating the quality of plaintiffs' counsels' work."); *In re Equity Funding Corp.*

23   *Sec. Litig.*, 438 F. Supp. 1303, 1337 (C.D. Cal. 1977) (court recognized that "plaintiffs' attorneys in

24   this class action have been up against established and skillful defense lawyers, and should be

25   compensated accordingly").  Defendants are represented by attorneys from Cooley LLP, one of the

26   finest defense firms in the country with substantial experience in the defense of complex securities

27   litigation.  The ability of Lead Counsel to obtain a highly favorable result for the Class at a relatively

28

1020389_1

NOTICE OF MOTION & MOTION FOR AN AWARD OF ATTORNEYS' FEES & EXPENSES AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:13-cv-03791-SC     - 12 -

early stage in the litigation in the face of such formidable opposition further evidences the quality of their work.

### 6.   The Requested Fee Is Reasonable Under a Lodestar Cross-Check Analysis

Although Lead Counsel seek approval of a fee based on a percentage of the recovery, "[a]s a final check on the reasonableness of the requested fees, courts often compare the fee counsel seeks as a percentage with what their hourly bills would amount to under the lodestar analysis." *Omnivision*, 559 F. Supp. 2d at 1048.  In *Vizcaino*, the Ninth Circuit noted that an analysis of the "lodestar method is merely a cross-check on the reasonableness of a percentage figure, and it is widely recognized that the lodestar method creates incentive for counsel to expend more hours than may be necessary on litigating a case so as to recover a reasonable fee, since the lodestar method does not reward early settlement."  290 F.3d at 1050 n. 5.

Here, Lead Plaintiff's counsel spent 1,590.15 hours of attorney and para-professional time prosecuting this Litigation on behalf of the Class.  The resulting lodestar is $800,836.75.  The requested fee of 25% would equal $275,000.  Thus, the requested fee represents some 34% of Lead Plaintiff's counsel's lodestar of $800,836.75.  In *Vizcaino*, the Ninth Circuit approved a 28% fee that resulted in a 3.65 multiplier.  290 F.3d at 1052-54 (finding multipliers ranged as high as 19.6 though most run from 1.0-4.0).

## III.   LEAD PLAINTIFF'S COUNSEL'S EXPENSES ARE REASONABLE AND WERE NECESSARILY INCURRED TO ACHIEVE THE BENEFIT OBTAINED

Lead Plaintiff's counsel also request payment of expenses incurred by them and in connection with the prosecution of this Litigation.  Lead Plaintiff's counsel have incurred expenses in the amount of $38,943.48 in prosecuting this Litigation.  These expenses are categorized in Lead Counsel's Fee Declaration and the Zeldes Fee Declaration.

The appropriate analysis to apply in deciding which expenses are compensable in a common fund case of this type is whether the particular costs are of the type typically billed by attorneys to paying clients in the marketplace. *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) ("Harris may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be

1020389_1

NOTICE OF MOTION & MOTION FOR AN AWARD OF ATTORNEYS' FEES & EXPENSES AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:13-cv-03791-SC          - 13

1   charged to a fee paying client.'") (citation omitted).  *See also Bratcher v. Bray-Doyle Indep. Sch.*

2   *Dist. No. 42*, 8 F.3d 722, 725-26 (10th Cir. 1993) (expenses paid if they would normally be billed to

3   client); *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1225 (3d Cir. 1995) (expenses recoverable if

4   customary to bill clients for them).  The categories of expenses for which counsel seek payment here

5   are the type of expenses routinely charged to hourly clients and, therefore, should be paid out of the

6   common fund.

7         A significant component of Lead Counsel's expenses is the cost of their investigators.  The

8   use of professional investigators to gather detailed fact-specific information from percipient

9   witnesses is of paramount importance in securities cases.  Lead Counsel engaged the services of L.R.

10   Hodges & Associates, Ltd. ("Hodges") to assist counsel.  Hodges helped to perform investigative

11   and consulting services relating to the Litigation.

12         Other expenses include the costs of computerized research.  These are the charges for

13   computerized factual and legal research services, including LexisNexis, Westlaw, Courtlink, Pacer

14   Service Center, and Thomson Financial.  These services, among other things, allowed counsel to

15   access ECOtality's SEC filings, perform media searches on ECOtality, obtain analysts' reports on

16   ECOtality, and allowed counsel to locate and obtain information on witnesses and Defendants.

17   Additional expenses that were necessarily incurred in the prosecution of this Litigation include

18   expenses for photocopying, filing fees, postage and overnight delivery, and telephone and telecopier

19   expenses.  All of these expenses are routinely billed to clients and therefore should be paid.

20         Pursuant to the PSLRA, the Court may award "reasonable costs and expenses (including lost

21   wages) directly relating to the representation of the class to any representative party serving on

22   behalf of a class." 15 U.S.C. §78u-4(a)(4).  Here, Lead Plaintiff requests reimbursement of $1,350

23   for his representation of the Class.  *See* Vale Decl., ¶¶8-10.  As set forth in the Vale Declaration, Mr.

24   Vale actively participated in the Litigation, including regularly communicating with counsel

25   concerning strategic and other aspects of this Litigation; requesting and receiving regular updates on

26   material events, such as the filing of the motion to be appointed lead plaintiff, the filing of the

27   consolidated amended complaint, Defendants' motion to dismiss, opposition to the motion to dismiss

28   and this Court's order granting Defendants' motion to dismiss; gathering documents reflecting his

1020389_1

NOTICE OF MOTION & MOTION FOR AN AWARD OF ATTORNEYS' FEES & EXPENSES AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:13-cv-03791-SC   - 14 -

1    purchases and sales of ECOtality stock; and discussing with counsel the settlement of this Litigation,

2    including potential Class damages reasonably achievable in this Litigation, and authorized Lead

3    Counsel to settle the Litigation based on the specific risks present in this Litigation. *See* Vale Decl.,

4    ¶¶4, 6.  Courts routinely reimburse plaintiffs for such expenses.  *See, e.g., IBEW Local 697 Pension*

5    *Fund v. Int'l Game Tech., Inc.*, No. 3:09-cv-00419-MMD-WGC, 2012 U.S. Dist. LEXIS 151498, at

6    *15 (D. Nev. Oct. 19, 2012) (awarding lead plaintiff $5,832.85 and named plaintiff $4,050 to

7    reimburse them for time spent "reviewing briefs, participating in depositions, answering discovery

8    responses and consulting with counsel"); *In re LDK Solar Sec. Litig.*, No. C 07-5182 WHA, 2010

9    U.S. Dist. LEXIS 87168, at *9-*10 (N.D. Cal. July 29, 2010) (awarding lead plaintiff $10,000 for

10   time and expenses in representing class); *Atlas v. Accredited Home Lenders Holding Co.*, No. 07-

11   CV-00488-HC (CAB), 2009 U.S. Dist. LEXIS 103035, at *17 (S.D. Cal. Nov. 4, 2009) (awarding

12   lead plaintiff $5,000); *In re Am. Int'l Grp., Inc. Sec. Litig.*, No. 04 Civ. 8141 (DAB), 2010 U.S. Dist.

13   LEXIS 129196, at *19 (S.D.N.Y. Dec. 2, 2010) (granting PSLRA award of $30,000 to institutional

14   lead plaintiffs "to compensate them for the time and effort they devoted on behalf of a class");

15   *Omnivision*, 559 F. Supp. 2d at 1049 (finding it "appropriate to reimburse Lead Plaintiffs for their

16   reasonable costs and expenses"); and *In re Marsh & McLennan Cos., Inc. Sec. Litig.*, No. 04 Civ.

17   8144(CM), 2009 U.S. Dist. LEXIS 120953, at *6 n.1 (S.D.N.Y. Dec. 23, 2009) (awarding $144,657

18   to the New Jersey Attorney General's Office and $70,000 to the Ohio Funds, which was requested to

19   "compensate them for their reasonable costs and expenses incurred in managing this litigation and

20   representing the Class").

21   **IV.    CONCLUSION**

22          Based on the foregoing and upon the entire record herein, Lead Counsel respectfully submit

23   that the Court award attorneys' fees in the amount of 25% of the Settlement Fund plus expenses in

24   the amount of $38,943.48, plus the interest earned thereon at the same rate and for the same period

25   as that earned on that portion of the Settlement Fund until paid, and award Lead Plaintiff $1,350 for

26   his representation of the Class.

27

28

1020389_1

NOTICE OF MOTION & MOTION FOR AN AWARD OF ATTORNEYS' FEES & EXPENSES AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:13-cv-03791-SC          - 15 -

1    DATED:  May 4, 2015                    Respectfully submitted,

2                                           ROBBINS GELLER RUDMAN
                                              & DOWD LLP
3                                           CHRISTOPHER P. SEEFER
                                            KENNETH J. BLACK
4

5                                                  s/ Christopher P. Seefer
6                                                CHRISTOPHER P. SEEFER

7                                           Post Montgomery Center
                                            One Montgomery Street, Suite 1800
8                                           San Francisco, CA  94104
                                            Telephone:  415/288-4545
9                                           415/288-4534 (fax)

10                                          ROBBINS GELLER RUDMAN
                                              & DOWD LLP
11                                          JEFFREY D. LIGHT
                                            655 West Broadway, Suite 1900
12                                          San Diego, CA  92101
                                            Telephone:  619/231-1058
13                                          619/231-7423 (fax)

14                                          Lead Counsel for Plaintiffs

15                                          ZELDES HAEGGQUIST & ECK, LLP
                                            AMBER L. ECK
16                                          625 Broadway, Suite 1000
                                            San Diego, CA  92101
17                                          Telephone:  619/342-8000
                                            619/342-7878 (fax)
18
                                            Additional Counsel for Plaintiff
19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION & MOTION FOR AN AWARD OF ATTORNEYS' FEES & EXPENSES AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:13-cv-03791-SC          - 16 -

**APPENDIX A**

2004 To The Present
Cases In Which Award Of Fees Equalled Or Exceeded
25% Of The Fund Plus Expenses (with Settlement Amounts)

1.  *In re Austin Capital Mgmt., Ltd., Sec. & Emp. Ret. Income Sec. Act (ERISA) Litig.*, No. 1:09-md-02075-TPG (S.D.N.Y. Oct. 2, 2014) (awarded fees of 33-1/3% of $6.85 million recovery, plus expenses);

2.  *In re Skelaxin (Metaxalone) Antitrust Litigation*, No. 1:12-md-02343 (E.D. Tenn. June 30, 2014) (awarded fees of 33-1/3% of $73 million recovery, plus expenses);

3.  *North Port Firefighters' Pension-Local Option Plan v. Fushi Copperweld, Inc.*, No. 3:11-cv-00595 (M.D. Tenn. May 12, 2014) (awarded fees of 33-1/3% of $3.25 million, plus expenses);

4.  *Landmen Partners Inc. v. Blackstone Group*, No. 08-cv-03601-HB-FM (S.D.N.Y.  Dec. 18, 2013) (awarded fees of 33-1/3% of $85 million recovery, plus expenses);

5.  *Eshe Fund v. Fifth Third Bancorp*, No. 1:08-cv-421 (S.D. Ohio Nov. 20, 2013) (awarded fees and expenses of 33-1/3% of $16 million recovery);

6.  *In re Constellation Energy Group, Inc. Sec. Litig.*, No. 1:08-cv-02854-CCB (D. Md. Nov. 4, 2013) (awarded fees of 33-1/3% of $4 million recovery, plus expenses);

7.  *Levine v. Atricure, Inc.*, No. 1:06-cv-14324-RJH (S.D.N.Y. May 27, 2011) (awarded fees of 33-1/3% of $2 million recovery, plus expenses);

8.  *In re Noah Educ. Holdings Ltd. Sec. Litig.*, No. 1:08-cv-09203 (S.D.N.Y. May 27, 2011) (awarded fees of 33-1/3% of $1.75 million recovery, plus expenses);

9.  *Eaton v. Halifax PLC*, No. MON-L-2365-03 (Monmouth Cnty. NJ Super. Ct. May 26, 2011) (awarded fees of 33-1/3% of $8.6 million recovery, plus expenses);

10. *Menkes v. Stolt-Nielsen S.A.*, No. 3:03CV00409(DJS) (D. Conn. Jan. 25, 2011) (awarded fees of 33-1/3% of $2 million recovery, plus expenses);

11. *Moorhead v. CONSOL Energy, Inc.*, No. 2:03-cv-01588-TFM (W.D. Pa. May 14, 2007) (awarded fees of 33-1/3% of $2.7 million recovery; plus expenses);

12. *Wade v. Bayer AG, et al.*, No. CT-004748-06 (Shelby County, Tenn. Cir. Ct. Dec. 7, 2006) (awarded fees of 33-1/3% of $3.7 million recovery, plus expenses);

13. *In re Van der Moolen Holding N.V. Sec. Litig.*, No. 1:03-CV-8284 (S.D.N.Y. Dec. 6, 2006) (awarded fees of 33-1/3% of $8 million recovery, plus expenses);

14. *In re Interpool, Inc. Sec. Litig.*, No. 3:04-cv-00321-SRC (D.N.J. Sept. 9, 2006) (awarded fees of 33-1/3% of $1 million recovery, plus expenses);

1

15. *Denver Area Meat Cutters and Employers Pension Plan v. James L. Clayton, et al.*, Case No. E-19723 (Blount County Tenn. June 8, 2005) (awarded fees of 33-1/3% of $5 million recovery, plus expenses);

16. *Lezin v. MiniMed, Inc., et al.*, Case No. BC251832 (Los Angeles Super. Ct. Aug. 10, 2004) (awarded fees of 33-1/3% of $1.25 million recovery, plus expenses);

17. *Franks v. Cheap Tickets, Inc., et al.*, Civil No. 01-1-2376-08-DDD (1st Cir. Haw. July 2, 2004 (awarded fees of 33-1/3% of $1 million recovery, plus expenses);

18. *Conlee v. WMS Industries*, No. 1:11-cv-03503-JBZ (N.D. Ill. May 20, 2014) (awarded fees of 33% of $3.7 million recovery, plus expenses);

19. *In re State Street Bank and Trust Co. Fixed Income Funds Inv. Litig.*, No. 1:08-cv-08235-PAC (S.D.N.Y. Sept. 6, 2012) (awarded fees of 33% of $6.25 million recovery, plus expenses);

20. *Schultz v. Applica, Inc.*, No. 06-60149-CIV (S.D. Fla. Jan. 15, 2008) (awarded fees of 33% of $2 million recovery, plus expenses);

21. *In re Canadian Superior Energy Inc. Sec. Litig.*, Master File No. 04-CV-02020(RO) (S.D.N.Y. Oct. 19, 2005) (awarded fees of 33% of $3.2 million recovery, plus expenses);

22. *Thomas & Thomas Rodmakers Inc., et al. v. Newport Adhesives and Composites, Inc., et al.*, Case No. CV-99-07796-FMC(RNBx) (C.D. Cal. Oct. 17, 2005) (awarded fees of 33% of $36.25 million recovery, plus expenses);

23. *Roth v. Aon Corp.*, No. 04-C-6835 (N.D. Ill. Nov. 18, 2009) (awarded fees of 31% of $30 million recovery, plus expenses);

24. *Morgensen v. Body Central Corp.*, No. 3:12-cv-00954-HES-JRK (M.D. Fla. Jan. 21, 2015) (awarded fees of 30% of $3.425 million recovery, plus expenses);

25. *In re Synovus Fin. Corp.*, No. 1:09-cv-01811-WCO (N.D. Ga. Nov. 18, 2014) (awarded fees of 30% of $11.75 million recovery, plus expenses);

26. *In re Epicor Software Corp. S'holder Litig.*, No. 30-2011-00465495-CU-BT-CXC (Orange County Super. Ct. Oct. 24, 2014) (awarded fees of 30% of $18 million recovery, plus expenses);

27. *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, No. 1:11-cv-08332-AJS (N.D. Ill. Aug. 5, 2014) (awarded fees of 30% of $60 million recovery, plus expenses);

28. *W. Pa. Elec. Emps.' Pension Fund v. Alter*, No. 2:09-cv-04730-CMR (E.D. Pa. Aug. 4, 2014) (awarded fees of 30% of $13.25 million recovery, plus expenses);

29. *Board of Trustees of the Operating Engineers Pension Trust v. JPMorgan Chase Bank*, No. 09-cv-09333-KBF (S.D.N.Y.  November 20, 2013) (awarded fees of 30% of $23 million recovery, plus expenses);

30. *Fisher v. Suffolk*, No. 1:11-cv-05114-SJ-RML (E.D.N.Y.  Nov. 19, 2013) (awarded fees of 30% of $2.8 million recovery, plus expenses);

31. *Buettgen v. Harless*, No. 3:09-cv-00791-K (N.D. Tex. Nov. 13, 2013) (awarded fees of 30% of $33.75 million recovery, plus expenses);

32. *Luman v. Anderson*, No. 4:08-cv-00514-C-W-HFS (W.D. Mo. July 23, 2013) (awarded fees of 30% of $4.25 million recovery, plus expenses);

33. *Hildenbrand v. W Holding*, No. 07-1886 (JAG) (D. P.R. June 10, 2013) (awarded fees of 30% of $8.75 million recovery, plus expenses);

34. *Citiline Holdings, Inc. v. iStar Fin. Inc.*, No. 1:08-cv-03612-RJS (S.D.N.Y. Apr. 5, 2013) (awarded fees of 30% of $29 million recovery, plus expenses);

35. *In re Constar Int'l Sec. Litig.*, No. 03cv05020 (E.D. Pa. Dec. 19, 2012) (awarded fees of 30% of $23.5 million recovery, plus expenses);

36. *Siracusano v. Matrixx Initiatives, Inc.*, No. CV-04-0886-PHX-NVW (D. Ariz. Nov. 13, 2012) (awarded fees of 30% of $4.5 million recovery, plus expenses);

37. *Winslow v. BancorpSouth, Inc.*, No. 3:10-cv-00463 (M.D. Tenn. Oct. 31, 2012) (awarded 30% of $29.25 million recovery, plus expenses);

38. *Szymborski v. Ormat Techs., Inc.*, No. 3:10-CV-132-RCJ (D. Nev. Oct. 16, 2012) (awarded fees of 30% of $3.1 million recovery, plus expenses);

39. *City of Ann Arbor Emps.' Ret. Sys. v. Sonoco Prods. Co., et al.*, No. 4:08-cv-02348-TLW-KDW (D.S.C. Sept. 7, 2012) (awarded fees of 30% of $13 million recovery, plus expenses);

40. *In re Sturm, Ruger & Co., Inc. Sec. Litig.*, No. 3:09-cv-01293-VLB (D. Conn. Aug. 20, 2012) (awarded fees of 30% of $3 million recovery, plus expenses);

41. *Local 731 I.B. of T. Excavators and Pavers Pension Trust Fund v. Swanson*, No. 1:09-cv-00799-MMB (D. Del. June 22, 2012) (awarded 30% of $25 million recovery, plus expenses);

42. *In re Focus Media Holding Ltd. Litig.*, No. 1:07-cv-10617-LTS(GWG) (S.D.N.Y. Apr. 25, 2012) (awarded fees of 30% of $2 million recovery, plus expenses);

43. *Western Wash. Laborers-Employers Pension Trust v. Panera Bread Co., et al.*, No. 4:08-cv-00120 ERW (E.D. Mo. June 22, 2011) (awarded fees of 30% of $5.75 million recovery, plus expenses);

3

44.     *Norfolk Cnty. Ret. Sys. v. Ustian*, No. 1:07-cv-07014 (N.D. Ill. May 25, 2011) (awarded fees of 30% of $13 million recovery, plus expenses);

45.     *In re Orion Sec. Litig.*, No. 1:08-cv-01328-RJS (S.D.N.Y. Apr. 14, 2011) (awarded fees of 30% of $3.25 million recovery, plus expenses);

46.     *Schultz v. Tomotherapy, Inc.*, No. 08-cv-000314-SLC (W.D. Wis. Mar. 22, 2011) (awarded fees of 30% of $5 million recovery, plus expenses);

47.     *In re L.G. Philips LCD Co., Ltd. Sec. Litig.*, No. 1:07-cv-00909-RJS (S.D.N.Y. Mar. 17, 2011) (awarded fees of 30% of $18 million recovery, plus expenses);

48.     *In re Gilead Sciences Sec. Litig.*, No. C-03-4999-SI (N.D. Cal. Nov. 5, 2010) (awarded 30% of $8.25 million recovery, plus expenses);

49.     *Beach v. Healthways, Inc.*, No. 3:08-cv-00569 (M.D. Tenn. Sept. 27, 2010) (awarded fees of 30% of $23.6 million recovery, plus expenses);

50.     *In re TeleTech Litigation*, No. 1:08-cv-00913-LTS (S.D.N.Y. June 11, 2010) (awarded fees of 30% of $11 million recovery, plus expenses);

51.     *In re PETCO Animal Supplies, Inc. S'holder Litig.*, No. GIC 869399 (San Diego Super. Ct. Mar. 26, 2010) (awarded fees of 30% of $16 million recovery, plus expenses);

52.     *Kelleher v. ADVO, Inc.*, No. 3:06-cv-01422-AVC (D. Conn. Mar. 3, 2010) (awarded fees of 30% of $12.5 million recovery, plus expenses);

53.     *Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp.*, No. 1-04-CV-021465 (Santa Clara Super. Ct. Feb. 3, 2010) (awarded fees of 30% of $43 million recovery, plus expenses);

54.     *In re Prestige Brands Holdings, Inc. Sec. Litig.*, No. 7:05-cv-06924-CS (S.D.N.Y. Dec. 7, 2009) (awarded fees of 30% of $11 million recovery, plus expenses);

55.     *Rines v. Heelys, Inc.*, No. 3:07-cv-01468-K (N.D. Tex. Nov. 17, 2009) (awarded fees of 30% of $7.5 million recovery, plus expenses);

56.     *Aviva Partners LLC v. Exide Techs.*, No. 3:05-cv-03098-MLC-LHG (D.N.J. June 23, 2009) (awarded fees of 30% of $13.7 million recovery, plus expenses);

57.     *W. Pa. Elec. Employees Pension Fund v. Candela Corp.*, No. 1:08-cv-10551-DPW (D. Mass. June 23, 2009) (awarded fees of 30% of $3.85 million recovery, plus expenses);

58.     *Crowell v. Mannatech, Inc.*, No. 3:07-cv-00238-K (N.D. Tex. Mar. 10, 2009) (awarded fees of 30% of $11.25 million recovery, plus expenses);

59.     *In re LaBranche Sec. Litig.*, No. 03-CV-8201(RWS) (S.D.N.Y. Jan. 22, 2009) (awarded fees of 30% of $13 million recovery, plus expenses);

60.   *In re OSI Pharm., Inc. Sec. Litig.*, No. 2:04-CV-05505-JS-WDW (E.D.N.Y. Aug. 22, 2008) (awarded fees of 30% of $9 million recovery, plus expenses);

61.   *In re ChoicePoint, Inc. Sec. Litig.*, No. 1:05-CV-00686-JTC (N.D. Ga. July 21, 2008) (awarded fees of 30% of $10 million recovery, plus expenses);

62.   *Cement Masons & Plasters Joint Pension Trust v. TNS Inc.*, No. 1:06-cv-00363-CMH-BRP (E.D. Va. June 20, 2008) (awarded fees of 30% of $3.6 million recovery, plus expenses);

63.   *Croker v. Carrier Access Corp.*, No. 1:05-cv-01011-LTB-OES (D. Colo. Jan. 25, 2008) (awarded fees of 30% of $7.4 million recovery, plus expenses);

64.   *In re UICI Sec. Litig.*, No. 3:04-CV-1149-P (N.D. Tex. Jan. 23, 2008) (awarded fees of 30% of $6.9 million recovery, plus expenses);

65.   *In re Terayon Commc'n Sys., Inc. Sec. Litig.*, No. C-00-1967-MHP (N.D. Cal. Oct. 3, 2007) (awarded fees of 30% of $15 million recovery, plus expenses);

66.   *In re aaiPharma Inc. Sec. Litig.*, No. 7:04-CV-27-D (E.D. N.C. Oct. 2, 2007) (awarded fees of 30% of $7.55 million recovery, plus expenses);

67.   *In re Acclaim Entm't Sec. Litig.*, No. 2:03-CV-1270(JS)(ETB) (E.D.N.Y. Oct. 2, 2007) (awarded fees of 30% of $13.65 million recovery, plus expenses);

68.   *In re Odimo, Inc. Sec. Litig.*, No. 0512500 (Broward County Fla. Super. Ct. Sept. 25, 2007) (awarded fees of 30% of $1.25 million recovery, plus expenses);

69.   *In re eMachines, Inc. Merger Litig.*, No. 01-CC-00156 (Orange County Super. Ct. July 25, 2007) (awarded fees of 30% of $24 million recovery, plus expenses);

70.   *In re Direct Gen. Corp. Sec. Litig.*, No. 3:05-0077 (M.D. Tenn. July 20, 2007) (awarded fees of 30% of $14.94 million recovery, plus expenses);

71.   *The Takara Trust v. Molex Incorporated, et al.*, No. 05-C-1245 (N.D. Ill. Mar. 1, 2007) (awarded fees of 30% of $10.5 million recovery, plus expenses);

72.   *Underwood, et al. v. Lampert, et al.*, No. 1:02-cv-21154-CMA/Turnoff (S.D. Fla. Jan. 29, 2007) (awarded fees of 30% of $1.5 million recovery, plus expenses);

73.   *In re AMERCO Sec. Litig.*, No. 04-2182-PHX-RJB (D. Ariz. Nov. 2, 2006) (awarded fees of 30% of $7 million recovery; plus expenses);

74.   *Greater Pennsylvania Carpenters Pension Fund v. Whitehall Jewellers, Inc., et al.*, No. 04 C 1107 (N.D. Ill. July 24, 2006) (awarded fees of 30% of $7.5 million recovery, plus expenses);

75. *In re Stellent, Inc. Sec. Litig.*, Master File No. CV-03-4384 RHK/AJB (D. Minn. Nov. 16, 2005) (awarded fees of 30% of $12 million recovery, plus expenses);

76. *In re Descartes Systems Group, Inc. Sec. Litig.*, Master File No. 04 Civ. 3793(LTS)(MHD) (S.D.N.Y. Sept. 16, 2005) (awarded fees of 30% of $1.5 million recovery, plus expenses);

77. *Brody v. Hellman*, Case No. 00-CV-4142 (City & County Denver Colo. Aug. 30, 2005) (awarded fees of 30% of $50 million recovery, plus expenses);

78. *In re Daisytek International Litig.*, Master Docket No. 4:03-CV-212 (E.D. Tex. July 20, 2005) (awarded fees of 30% of $6 million recovery, plus expenses);

79. *In re Novell, Inc. Sec. Litig.*, Case No. 2:99-CV-995 TC (D. Utah May 26, 2005) (awarded fees of 30% of $13.9 million recovery, plus expenses);

80. *Deckler v. Ionics, Inc., et al.*, No. 03-CV-10393-WGY (D. Mass. Apr. 4, 2005) (awarded fees of 30% of $3 million recovery, plus expenses);

81. *Southland Securities Corporation v. INSpire Insurance Solutions, Inc.*, No. 4:00-CV-355y (N.D. Tex. Mar. 9, 2005) (awarded fees of 30% of $4.8 million recovery, plus expenses);

82. *Steinbeck v. Sonic Innovations, Inc., et al.*, Case No. 2:00-CV-848-PGC (D. Utah May 25, 2004 (awarded fees of 30% of $7 million recovery, plus expenses);

83. *Broderick v. Mazur (PHP Healthcare)*, No. CV-98-1658-MRP(AJWx) (C.D. Cal. Apr. 27, 2004) (awarded fees of 30% of $4.5 million recovery, plus expenses);

84. *Ronconi v. Larkin*, Case No. 767087-5 OV (Alameda County Super. Ct. Jan. 6, 2004) (awarded fees of 30% of $2.5 million recovery, plus expenses);

85. *Garden City Emps.' Ret. Sys. & Cent. States, Southeast and Southwest Areas Pension Fund v. Psychiatric Solutions, Inc.*, No. 3:09-cv-00882-WJH (M.D. Tenn. Jan. 16, 2015) (awarded fees of 29% of $65 million recovery, plus expenses);

86. *Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives and Composites, Inc.*, Case No. CV-99-07796-FMC(RNx) (C.D. Cal. Jan. 31, 2005) (awarded fees of 29% of $32.75 million recovery, plus expenses);

87. *In re Accredo Health, Inc. Sec. Litig.*, No. 03-CV-2216 (W.D. Tenn. Feb. 19, 2009) (awarded fees of 28% of $33 million recovery, plus expenses);

88. *Olmsted v. ADAC Laboratories*, Case No. CV793923 (Santa Clara Super. Ct. May 10, 2004) (awarded fees of 28% of $3.55 million recovery, plus expenses);

89. *In re Novatel Wireless Sec. Litig.*, No. 08-CV-01689-AJB(RBB) (S.D. Cal. June 23, 2014) (awarded fees of 27.5% of $16 million recovery, plus expenses);

6

90.  *In re Sanofi-Aventis Sec. Litig.*, No. 1:07-cv-10279-GBD (S.D.N.Y.  Jan. 22, 2014) (awarded fees of 27.5% of $40 million recovery, plus expenses);

91.  *In re Coventry Healthcare, Inc. Sec. Litig.*, No. 8:09-cv-02337-AW (D. Md. Oct. 29, 2013) (awarded fees of 27.5% of $10 million recovery, plus expenses);

92.  *Alaska Elec. Pension Fund v. Pharmacia Corp.*, No. 03-1519(AET) (D.N.J. Jan. 30, 2013) (awarded fees of 27.5% of $164 million recovery, plus expenses);

93.  *Silverman v. Motorola, Inc.*, No. 07 C 4507 (N.D. Ill. May 7, 2012) (awarded fees of 27.5% of $200 million recovery, plus expenses);

94.  *Cornwell v. Credit Suisse Group*, No. 08-cv-03758(VM) (S.D.N.Y. July 20, 2011) (awarded fees of 27.5% of $70 million recovery, plus expenses);

95.  *Ross v. Abercrombie & Fitch Co.*, No. 2:05-cv-00819-EAS-TPK (S.D. Ohio Sept. 24, 2010) (awarded fees of 27.5% of $12 million recovery, plus expenses);

96.  *Indiana State District Council of Laborers & HOD Carriers Pension Fund v. Brukardt*, No. 05-1392-II (Tenn. Chancery Ct.  May 13, 2013) (awarded fees of 27% of $4 million recovery, plus expenses);

97.  *Brown v. Brewer, et al.*, No. 2:06-cv-03731-GHK-SH (C.D. Cal. Mar. 19, 2012) (awarded fees of 27% of $45 million recovery, plus expenses);

98.  *Hoff v. Popular Inc.*, No. 3:09-cv-01428-GAG (D.P.R. Nov. 2, 2011) (awarded fees of 27% of $37.5 million recovery, plus expenses);

99.  *In re Infineon Techs. AG Sec. Litig.*, No. C-04-4156-JW (N.D. Cal. Nov. 2, 2011) (awarded fees of 27% of $6.2 million recovery, plus expenses);

100.  *Thurber v. Mattel, Inc.*, No. CV-99-10368-MRP(CWx) (C.D. Cal. Oct. 1, 2003) (fee equal to 27% of $122 million recovery, plus expenses);

101.  *Massachusetts Bricklayers & Masons Trust Funds v. Deutsche Alt-A Sec., Inc.*, No. 2:08-cv-03178-LDW-ARL (E.D.N.Y. July 11, 2012) (awarded 26.5% of $32.5 million recovery, plus expenses);

102.  *In re CIT Grp. Inc. Sec. Litig.*, No. 1:08-cv-06613-BSJ-THK (S.D.N.Y. June 13, 2012) (awarded 26.5% of $75 million recovery, plus expenses);

103.  *Dudley v. Haub*, No. 2:11-cv-05196-WJM-MF (D.N.J. Jan. 5, 2015) (awarded fees of 25% of $9 million recovery, plus expenses);

104.  *In re Vestas Wind Sys. A/S Sec. Litig.*, No. 3:11-cv-00585-MO (D. Or. Dec. 9, 2014) (awarded fees of 25% of $5 million recovery, plus expenses);

105. *Westley v. Oclaro, Inc.*, No. C11-02448-EMC (N.D. Cal. Aug. 13, 2014) (awarded fees of 25% of $3.7 million recovery, plus expenses);

106. *Weston v. Ciber, Inc.*, No. 1:11-cv-02827-JLK (D. Colo. Apr. 4, 2014) (awarded fees of 25% of $3 million recovery, plus expenses);

107. *Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, No. 08-cv-10446 (D. Mass. Dec. 19, 2013) (awarded fees of 25% of $21.2 million recovery, plus expenses);

108. *Plumbers & Pipefitters Local Union No. 630 Pension-Annuity Trust Fund v. Northwest Pipe Co.*, No. 3:09-cv-05724-RBL (W.D. Wash. Mar. 22, 2013) (awarded fees of 25% of $12.5 million recovery, plus expenses);

109. *Int'l Bhd. of Elec. Workers Local 697 Pension Fund v. Int'l Game Tech.*, No. 3:09-cv-00419-MMD-WGC (D. Nev. Oct. 19, 2012) (awarded fees of 25% of $12.5 million recovery, plus expenses);

110. *Plumbers & Pipefitters Local Union No. 630 Pension-Annuity Trust Fund v. Allscripts-Misys Healthcare Solutions, Inc.*, No. 1:09-cv-04726 (N.D. Ill. July 12, 2012) (awarded 25% of $10.15 million recovery, plus expenses);

111. *Maiman v. Talbott*, No. SACV 09-0012-AG(ANx) (C.D. Cal. July 9, 2012) (awarded 25% of $8.25 million recovery, plus expenses);

112. *In re Accuray Inc. Sec. Litig.*, No. 4:09-cv-03362-CW (N.D. Cal. Dec. 8, 2011) (awarded fees of 25% of $13.5 million recovery, plus expenses);

113. *In re Agria Corp. Sec. Litig.*, No. 1:08-cv-03536-WHP (S.D.N.Y. June 7, 2011) (awarded fees of 25% of $3.75 million recovery, plus expenses);

114. *City of Roseville Emp. Ret. Sys. v. Micron Tech., Inc.*, No. 06-CV-85-WFD (D. Idaho Apr. 28, 2011) (awarded fees of 25% of $42 million recovery, plus expenses);

115. *The City of Hialeah Employees' Ret. Sys. v. Toll Bros., Inc.*, No. 07-1513 (E.D. Pa. Mar. 4, 2011) (awarded fees of 25% of $25 million recovery, plus expenses);

116. *In re America Service Group, et al.*, No. 3:06-cv-00323 (M.D. Tenn. Oct. 15, 2010) (awarded fees of 25% of recovery (worth $14,895,000 in cash and stock), plus expenses);

117. *Belodoff v. Netlist, Inc.*, No. SACV-07-00677-DOC(MLGx) (C.D. Cal. Sept. 30, 2010) (awarded fees of 25% of $2.6 million recovery, plus expenses);

118. *Charatz v. Avaya, Inc.*, No. 3:05-cv-02319 (D.N.J. Sept. 27, 2010) (awarded fees of 25% of $4.5 million recovery, plus expenses);

119. *Lefkoe v. Jos. A. Bank Clothiers, Inc.*, No. 1:06-cv-01892-WMN (D. Md. July 28, 2010) (awarded 25% of $4 million recovery, plus expenses);

120. *Ryan v. Flowserve Corp.*, No. 3:03-CV-01769-B (N.D. Tex. May 11, 2010) (awarded 25% of $55 million recovery, plus expenses);

121. *Twinde v. Threshold Pharms., Inc.*, No. 4:07-cv-04972-CW (N.D. Cal. Apr. 16, 2010) (awarded 25% of $10 million recovery, plus expenses);

122. *City of Westland Police and Fire Retirement System v. Sonic Solutions*, No. C 07-05111-CW (N.D. Cal. Apr. 8, 2010) (awarded 25% of $5 million recovery, plus expenses);

123. *Batwin v. Occam Networks, Inc.*, No. 2:07-cv-02750-CAS(SHx) (C.D. Cal. Feb. 22, 2010) (awarded 25% of $13.945 million recovery, plus expenses);

124. *Tsirekidze v. Syntax-Brillian Corp.*, No. 2:07-cv-02204-FJM (D. Ariz. Feb. 18, 2010) (awarded 25% of $10 million recovery, plus expenses);

125. *In re Metawave Commc'ns Sec. Litig.*, No. 02-cv-00625-RSM (W.D. Wash. Feb. 11, 2010) (awarded 25% of $1.5 million recovery, plus expenses);

126. *In re 21st Century Holding Co. Sec. Litig.*, No. 07-61057-Civ-COHN/SELTZER (S.D. Fla. Jan. 29, 2010) (awarded 25% of $2.24 million recovery, plus expenses);

127. *West Palm Beach Firefighters' Pension Fund v. StarTek, Inc.*, No. 05-cv-01265-WDM-MEH (D. Colo. Dec. 21, 2009) (awarded 25% of $7.5 million recovery, plus expenses);

128. *In re Dura Pharms., Inc. Sec. Litig.*, No. 99-CV-0151-JLS(WMC) (S.D. Cal. Dec. 4, 2009) (awarded fees of 25% of $14 million recovery, plus expenses);

129. *In re Seracare Life Sciences, Inc. Sec. Litig.*, No. 05-CV-2335-JLS(CAB) (S.D. Cal. July 17, 2009) (awarded 25% of $1.6 million recovery, plus expenses);

130. *In re Ace Ltd. Sec. Litig.*, No. 05-md-1675 (E.D. Pa. June 10, 2009) (awarded 25% of $1.95 million recovery, plus expenses);

131. *Darquea v. Jarden Corp.*, No. 1:06-cv-00722(RPP) (S.D.N.Y. May 18, 2009) (awarded 25% of $8 million recovery, plus expenses);

132. *In re Impax Labs., Inc. Sec. Litig.*, No. C-04-4802-JW (N.D. Cal. May 12, 2009) (awarded 25% of $9 million recovery, plus expenses);

133. *Parkside Capital Ltd. v. Xerium Techs. Inc.*, No. 06-10991-RWZ (D. Mass. Feb. 26, 2009) (awarded 25% of $3.6 million recovery, plus expenses);

134. *In re Sunterra Corp. Sec. Litig.*, No. 2:06-cv-00844-BES-RJJ (D. Nev. Feb. 10, 2009) (awarded 25% of $8 million recovery, plus expenses);

135. *In re Brocade Sec. Litig.*, No. C 05-02042 CRB (N.D. Cal. Jan. 26, 2009) (awarded 25% of the recovery, plus expenses);

136.   *In re Bridgestone Sec. Litig.*, No. 3:01-0017 (M.D. Tenn. Jan. 23, 2009) (awarded 25% of $30 million recovery, plus expenses);

137.   *In re Wireless Facilities, Inc. Sec. Litig.*, No. 04cv1589 NLS (S.D. Cal. Jan. 13, 2009) (awarded 25% of $12 million recovery, plus expenses);

138.   *In re Wireless Facilities, Inc,. Sec. Litig.*, No. 07cv482 NLS (S.D. Cal. Dec. 19, 2008) (awarded 25% of $4.5 million recovery, plus expenses);

139.   *In re Tommy Hilfiger Sec. Litig.*, No. 1:04-CV-07678-SAS (S.D.N.Y. Oct. 8, 2008) (awarded 25% of $16 million recovery, plus expenses);

140.   *In re PETCO Corp. Sec. Litig.*, No. 05-CV-0823 H(RBB) (S.D. Cal. Sept. 2, 2008) (awarded 25% of $20.25 million recovery, plus expenses);

141.   *In re DHB Indus., Inc. Class Action Litig.*, No. 2:05-cv-04296-JS-ETB (E.D.N.Y. July 21, 2008) (awarded 25% of recovery, plus expenses);

142.   *In re Zale Corporation Sec. Litig.*, No. 3:06-cv-01470-N (N.D. Tex. July 10, 2008) (awarded 25% of $5.9 million recovery, plus expenses);

143.   *Reynolds v. Repsol YPF, S.A.*, No. 1:06-cv-00733-DAB (S.D.N.Y. May 7, 2008) (awarded 25% of $8 million recovery, plus expenses);

144.   *Sekuk Global Enters. v. KVH Indus., Inc.*, No. CA-04-306L (D.R.I. Jan. 25, 2008) (fee equal to 25% of $5 million recovery, plus expenses);

145.   *In re SeraCare Life Sciences, Inc. Sec. Litig.*, No. 05-CV-2335-H(CAB) (S.D. Cal. Sept. 4, 2007) (awarding 25% of $3 million recovery, plus expenses);

146.   *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. M-02-1486 PJH (N.D. Cal. Aug. 16, 2007) (fee equal to 25% of recovery, plus expenses);

147.   *In re Watchguard Sec. Litig.*, No. 2:05-cv-00678-JLR (W.D. Wash. Aug. 6, 2007) (awarded 25% of $1.75 million recovery, plus expenses);

148.   *In re Alliance Gaming Corp. Sec. Litig.*, No. CV-S-04-0821-BES-PAL (D. Nev. June 28, 2007) (awarding 25% of $15.5 million recovery, plus expenses);

149.   *Dutton v. D&K Healthcare Res., Inc.*, No. 4:04-CV-00147-SNL (E.D. Mo. June 5, 2007) (awarding 25% of $18.7 million recovery, plus expenses);

150.   *In re Vicuron Pharms., Inc. Sec. Litig.*, No. 04-2627 (E.D. Pa. May 31, 2007) (awarded 25% of $12.75 million recovery, plus expenses);

151.   *In re Verisign, Inc. Sec. Litig.*, No. C-02-2270-JW(PVT) (N.D. Cal. Apr. 24, 2007) (awarded 25% of $80 million recovery, plus expenses);

152. *In re Amerada Hess Corp. Sec. Litig.*, No. 2:02cv03359 (D.N.J. Apr. 16, 2007) (awarded 25% of $9 million recovery, plus expenses);

153. *Heller v. Quovadx, Inc.*, No. 04-cv-00665 (D. Colo. Apr. 13, 2007) (awarded 25% of $9 million recovery, plus expenses);

154. *In re Charlotte Russe Holding, Inc. Sec. Litig.*, No. 04cv2528 (S.D. Cal. Aug. 30, 2006) (awarded 25% of $3.9 million recovery, plus expenses);

155. *In re Surebeam Corp. Sec. Litig.*, No. 03-CV-01721-JM(POR) (S.D. Cal. July 17, 2006) (awarded 25% of $32.75 million recovery, plus expenses);

156. *In re U.S. Aggregates, Inc. Sec. Litig.*, No. C-01-1688-CW (N.D. Cal. Apr. 6, 2006) (awarding 25% of $3.5 million recovery, plus expenses);

157. *In re Titan, Inc. Sec. Litig.*, Master File No. 04-CV-0676-LAB(NLS) (S.D. Cal. Dec. 19, 2005) (fee award equal to 25% of $61.5 million recovery, plus expenses);

158. *In re Intershop Communications AG Sec. Litig.*, Master File No. C-01-20333-JW (N.D. Cal. Dec. 5, 2005) (fee award equal to 25% of $2 million recovery, plus expenses);

159. *In re Amazon.Com, Inc. Sec. Litig.*, Master File No. C-01-0358-L (W.D. Wash. Nov. 11, 2005) (fee award equal to 25% of $27.7 million recovery, plus expenses);

160. *In re CVS Corp. Sec. Litig.*, No. C.A. 01-11464(JLT) (D. Mass. Sept. 7, 2005) (fee equal to 25% of recovery, plus expenses);

161. *In re Intermune, Inc. Sec. Litig.*, No. C-03-2954-SI (N.D. Cal. Aug. 26, 2005) (fee award equal to 25% of $10.4 million recovery; plus expenses);

162. *In re Pemstar, Inc. Sec. Litig.*, Master File No. 02-1821 (DWF/SRN) (D. Minn. May 27, 2005) (fee award equal to 25% of $12 million recovery, plus expenses);

163. *In re Ventro Corp. Sec. Litig.*, No. C-01-1287-SBA (N.D. Cal. Mar. 29, 2005) (fee award equal to 25% of $6.935 million recovery; plus expenses);

164. *In re Specialty Laboratories, Inc. Sec. Litig.*, Master File No. CV 02-04352-DDP(RCx) (C.D. Cal. Dec. 28, 2004) (fee award equal to 25% of $12 million recovery, plus expenses);

165. *Brody v. TALX Corporation, et al.*, No. 4:01CV2014-HEA (E.D. Mo. Oct. 6, 2004) (fee equal to 25% of $5.75 million recovery, plus expenses);

166. *In re National Golf Properties, Inc. Sec. Litig.*, Master File No. 02-1383-GHK(RZx) (C.D. Cal. Oct. 4, 2004) (fee award equal to 25% of $4.175 million recovery, plus expenses);

167.   *In re Infonet Services Corp. Sec. Litig.*, Master File No. CV-01-10456-NM(CWx) (C.D. Cal. July 26, 2004) (fee equal to 25% of $18 million recovery, plus expenses);

168.   *In re Mutual Risk Management Ltd. Sec. Litig.*, Case No. 02CV1110K(POR) (S.D. Cal. July 22, 2004) (fee equal to 25% of $3 million recovery, plus expenses);

169.   *In re Accelerated Networks, Inc. Sec. Litig.*, Master File No. CV-01-3585-SJO(MANx) (C.D. Cal. June 28, 2004) (fee equal to 25% of $8 million recovery, plus expenses);

170.   *In re DJ Orthopedics, Inc. Sec. Litig.*, Case No. 01-CV-2238-K(RBB) (S.D. Cal. June 21, 2004) (fee equal to 25% of $5.5 million fund, plus expenses);

171.   *In re TUT Systems, Inc. Sec. Litig.*, Master File No. C-01-2659-CW (N.D. Cal. May 14, 2004) (fee equal to 25% of $10 million recovery, plus expenses);

172.   *In re M&A West, Inc. Sec. Litig.*, Master File No. C-01-0033-SBA (N.D. Cal. Feb. 10, 2004) (fee equal to 25% of $2.615 million recovery, plus expenses).

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 4, 2015, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 4, 2015.

s/ Christopher P. Seefer
CHRISTOPHER P. SEEFER

ROBBINS GELLER RUDMAN
    & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
E-mail:  chriss@rgrdlaw.com

1020398_1

# Mailing Information for a Case 3:13-cv-03791-SC In Re Ecotality, Inc. Securities Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **Brian Edward Cochran**
  bcochran@rgrdlaw.com

- **Hal Davis Cunningham**
  hcunningham@scott-scott.com,efile@scott-scott.com

- **John C. Dwyer**
  dwyerjc@cooley.com,giovannonib@cooley.com

- **Amber L. Eck**
  ambere@zhlaw.com,winkyc@zhlaw.com,RobynS@zhlaw.com

- **Lionel Z. Glancy**
  info@glancylaw.com,lboyarsky@glancylaw.com,lglancy@glancylaw.com

- **Michael M. Goldberg**
  mmgoldberg@glancylaw.com,csadler@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.com

- **Brian O. O'Mara**
  bo'mara@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Mark Punzalan**
  markp@punzalanlaw.com,smutschall@zlk.com,tgottschlich@zlk.com,nporritt@zlk.com,office@punzalanlaw.com,aapton@zlk.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net

- **Samuel H. Rudman**
  srudman@csgrr.com

- **Jessica Valenzuela Santamaria**
  jsantamaria@cooley.com,galancr@cooley.com

- **Christopher Paul Seefer**
  chriss@rgrdlaw.com,kennyb@rgrdlaw.com,dhall@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Tower Charles Snow , Jr**
  tsnow@cooley.com,keudaley@cooley.com

- **Adam Christopher Trigg**
  atrigg@cooley.com,jcorrell@cooley.com

- **Avraham Noam Wagner**
  avi@thewagnerfirm.com

- **Jeffrey Michael Walker**
  jwalker@cooley.com,foxl@cooley.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,e_file_sd@rgrdlaw.com,tcraig@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Joseph Bernard Woodring**
  jwoodring@cooley.com,jderosier@cooley.com,maraujo@cooley.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)